PETER C. McCALLION v. THE MISSOURI PACIFIC RAILWAY COMPANY *et al.*

No. 14,798.     (88 Pac. 50.)

SYLLABUS BY THE COURT.

1. DAMAGES—*Liability to Injured Servant of One Furnishing Defective Car to the Master.* A railway company which furnishes a defective car to the employer of another is not liable in damages for injuries to the servant of the employer caused by such defect, when the employer knew of the defect in time to have repaired the same or to have warned the servant, but neglected to do either.

2. ——— *Contributory Negligence — Emergency — Perilous Alternative.* It is not contributory negligence, as a matter of law, for one who is placed in a dangerous position by another's negligence to adopt in a sudden emergency a perilous alternative in an endeavor to avoid danger to himself or to others, although it may turn out that he should have acted differently.

Error from Butler district court; GRANVILLE P. AIKMAN, judge. Opinion filed December 8, 1906. Affirmed as to one defendant; reversed as to the others.

50—74 KAN.

## STATEMENT.

THE Missouri Pacific Railway Company owns and operates a line of railway into and through Butler county, with a side-track leading to a stone-quarry and crusher which are owned and operated by Frazier and Vanderhoof. Plaintiff in error, Peter C. McCallion, was in the employ of Frazier and Vanderhoof, working in and about the quarry and crusher. It became a part of his duty to run ballast-cars down the side-track to the crusher. The grade of the side-track leading to the crusher was descending, and brakes were required on the ballast-cars to stop them and hold them in position. The cars were placed on the side-track by the railway company, and when needed for use in loading were managed and controlled by the employees of Frazier and Vanderhoof.

Plaintiff in error brought this action against the owners of the quarry and the railway company for injuries received by him while operating one of the ballast-cars. His petition alleged, among other things, that the cars, after being placed upon the side-track by the railway company, were brought down the side-track to the crusher by the force of gravity, when needed to be loaded; that on the 20th of April, 1903, he started down with one of the cars toward the crusher; that immediately after starting the car he saw another ballast-car on the side-track, at the crusher, with a man standing thereon; that he attempted at once to stop his car by putting on the brake; that the brake was defective in not having any brake-chain, so that his attempt to stop the car by means of the brake failed; that he then jumped from the car to the ground and seized a pinch-bar, an appliance furnished him by his employers, which was used for starting and stopping cars, and attempted to stop the car by placing the pinch-bar between the wheel of the car and the rail, but the car had acquired such a momentum that it ran over the pinch-bar, causing it to strike his foot with such

violence as to break his foot and ankle, and the car ran over and upon his right leg, crushing it so that amputation was necessary.

It was alleged that the injury was caused wholly by the negligence of defendants in supplying a car with a defective brake, and that the defendants Frazier and Vanderhoof, the owners of the quarry, each personally knew of the defects in the ballast-car on the day prior to the occurrence of the injury, and that the defendant railway company had a reasonable opportunity to know of the defects at the time the car was placed on the side-track.

Separate demurrers were filed by the railway company and the other defendants, both of which were sustained. Plaintiff elected to stand upon his petition, and brings this proceeding in error.

*N. W. Bowman,* and *John D. Davis,* for plaintiff in error.

*J. H. Richards, C. E. Benton,* and *Mooney & Stratford,* for defendants in error; *Hamilton & Leydig,* of counsel.

The opinion of the court was delivered by

PORTER, J.: The motion to dismiss the proceeding on the ground that the case-made was not served within the time required by law is disposed of by the case of *Gerdom v. Durein, ante,* p. 704.

We will first consider the demurrer of the railway company. It is argued that as plaintiff in error was not in the employ of the railway company it had no control over his actions, and that the negligence charged against the railway company upon the ground of the defective brake on the ballast-car is not sufficient to constitute a cause of action against it. The contention is that the causal connection between the negligence alleged on the part of the railway company and plaintiff's injury was broken by the alleged negligence of plaintiff's employers. In other words, assuming that

the railway company was negligent in furnishing a defective car to Frazier and Vanderhoof, it is said that its negligence could not have been the proximate cause of the injury. The petition shows that the employers of plaintiff had taken possession of the defective car at the time he was injured, and it is argued that under the allegations of the petition and the law of master and servant the masters were responsible to the servant, and their negligence was the proximate cause of the injury.

In *Railway Co. v. Merrill*, 65 Kan. 436, 70 Pac. 358, 59 L. R. A. 711, 93 Am. St. Rep. 287, a brakeman in the employ of one railway company was injured by a defective car furnished to his employer by another company. It was held that, the railway company in whose employ the brakeman was at the time of the injury having failed to discharge its obligation to inspect cars received from another company, the causal connection between the act of the company first guilty of negligence in furnishing the car and the injury had been severed by the interposition of an independent agency. The company furnishing the defective car was held, in that case, not liable for injuries to the employee of the company receiving the car.

Plaintiff seeks to recover for a joint tort—the negligence of the railway company in furnishing the defective car to the masters, combined with the negligence of the masters in knowingly furnishing it to him. The question involved is elaborately discussed and the cases in point quite fully collated in the Merrill case, *supra*. Under the rule laid down in that case it is clear that plaintiff has no cause of action against the railway company. The causal connection between the alleged negligence of the railway company and his injury, under the allegations of his petition, was broken by the intervening negligent acts of his employers. The demurrer of the railway company to the petition was properly sustained.

A different question arises with reference to the de-

McCallion v. Railway Co.

murrer of the other defendants, Frazier and Vander-
hoof. It is said that they are not liable because they
did not furnish the car, and are not responsible for its
defective condition; that it was not their duty to in-
spect cars furnished them or repair those found to be
defective, because they had no authority to remove the
cars from the side-track. But it is the duty of the mas-
ter to furnish his employee with reasonably safe tools
and appliances for the performance of the work as-
signed to him. (*Bridge Co. v. Miller*, 71 Kan. 13, 40,
80 Pac. 18.) The fact that they were not originally
responsible for the defective condition of the car did
not relieve them of the duty to provide their employees
with reasonably safe appliances. In volume 1 of La-
batt on Master and Servant, section 372, it is said:

"Both on principle and authority it is clear that a
master is answerable for defects in any instrumentali-
ties which he has temporarily taken over from the
owner and made a part of his own plant. In such
cases the elements of possession and the exercise of con-
trol are decisive. Manifestly, no distinction can logic-
ally be based upon the bare circumstance that he has
a merely qualified right of property in them. So far
as regards his obligations to his servants, he must be
considered as the owner *pro tempore*. This principle is
applicable whether he has borrowed the appliance in
question, or has hired it for a specific consideration, or
has taken possession of it for a definite or indefinite
period, with a view to the performance of certain work
in which he and the owner are both interested."

Whether it was their duty to inspect cars when re-
ceived it is not necessary to decide. The petition al-
leged that they had actual notice of the defective con-
dition of the car for at least a day prior to the injury.

A case very similar is that of *Spaulding v. Flynt
Granite Co.*, 159 Mass. 587, 34 N. E. 1134. Plaintiff
there was in the employ of a stone company, and was
bringing a car loaded with stone from defendant's
quarry on a side-track leading to a connection with the
Boston & Albany railway. The car was moved by

gravitation, and, after starting, plaintiff found he was unable to control the car with the brake. The car ran away with him and he was injured. An action was brought against his employer, the stone company. Defense was made that the car was furnished by the railway company; that the defendant was required to take what cars it could get, and was therefore not liable to the plaintiff. The court said:

"This car was used by the defendant as one of the instruments of its business. When that is the case, it does not matter whether the defendant owns the thing used or borrows it. The responsibility of the master to his servants is the same either way." (Page 589.)

A further contention is that the petition shows such contributory negligence on the part of the plaintiff as bars his right to recover. Whether plaintiff was negligent in attempting to stop the car by means of the pinch-bar is, we think, under the circumstances, a question of fact to be determined by the jury. The court was not warranted in saying, as a matter of law, that the plaintiff was guilty of contributory negligence in not abandoning the car and seeking his own safety. While there is no allegation that the man on the other car was in danger, yet a reasonable construction of the petition leaves it fairly to be inferred that plaintiff's attempt to stop the car was to avoid danger to another as well as the destruction of property. Where one is placed in a dangerous position by the negligence of another, and in a sudden emergency adopts a perilous alternative in an endeavor to avoid danger to himself or to others he is not guilty of contributory negligence, as a matter of law, although as it turns out he should have acted differently. (*Railroad Co. v. Langley,* 70 Kan. 453, 461, 78 Pac. 858; *Edgerton v. O'Neil,* 4 Kan. App. 73, 46 Pac. 206; 1 Shear. & Red. Law of Neg., 5th ed., § 89.)

It follows from what has been said that the court erred in sustaining the demurrer of defendants Frazier

Bonding Co. v. Dickey.

and Vanderhoof. The judgment is affirmed as to defendant railway company; as to the other defendants the judgment is reversed and the cause remanded, with directions to overrule their demurrer.

All the Justices concurring.