LUCK CONSTRUCTION COMPANY, Respondent, v. CHICAGO & ALTON RAILWAY CO., Appellant.

Kansas City Court of Appeals, January 6, 1919.

**COMMON CARRIERS:** Ex Delicto: Proximate Cause: Freight Charges: Cause of Action. Plaintiff, for the purpose of shipment, deposited a large grading machine on defendant's right of way in Jackson County, Missouri. After a length of time, plaintiff sold the machine to Hoy & Co. of Vincennes, Indiana, and it was shipped over defendant's road as far as East St. Louis and then delivered to a connecting carrier which refused to deliver to Hoy & Co., until defendant's charges for storage were paid. Hoy paid them under protest. No authority was alleged from plaintiff to pay them. When Hoy & Co. came to pay plaintiff the price of the machine it kept out the amount of these charges and plaintiff allowed it to retain or deduct that sum. Plaintiff then sued defendant to recover such charges. It was alleged that the charges were illegal and wrongful. It was *held* that there was no cause of action against defendant.

Appeal from Jackson Circuit Court.—*Hon. T. J. Seehorn,* Judge.

Reversed.

C. M. *Miller* for appellant.

Ed. E. *Aleshire* for respondent.

ELLISON, P. J.—From plaintiff's petition it appears that it owned a large and heavy "drag line" which the record shows to be a ditching, or grading machine. After having had the machine in use, plaintiff allowed it to remain on defendant's railway grounds near one of its stations. It is alleged that plaintiff did not agree to pay defendant any storage or rental for allowing it to remain on defendant's right of way, as it was placed there for the purpose of shipping. Finally plaintiff sold the property to M. J. Hoy Co. f. o. b. the cars, and the Hoy company shipped it to Vincennes, Indiana, the shipment being made over defendant's road to East

St. Louis and there connected with a carrier who took it to Vincennes. At the latter place this connecting carrier refused to deliver to the Hoy company unless it was paid the freight charges from point of shipment and, in addition, $239 charges made by defendant for storage or rent on its grounds as above stated. Hoy company paid such additional charge under protest. No authority from plaintiff to make such payment is alleged, or pretended, but when it came to pay plaintiff the purchase price of the machine it deducted this additional charge from the amount due and plaintiff accepted settlement in that way and then brought this action to recover from defendant what Hoy took out of the purchase price. It was alleged that the additional charge was wholly "illegal, wrong, vicious and without any merit, claim or foundation." The trial was had without a jury and the judgment was for plaintiff.

Defendant now insists that no cause of action against it was stated in the petition. Plaintiff does not meet this point in a satisfactory way. It urges that defendant should have demurred, or moved for judgment on the pleading, etc. It is a fundamental proposition that a failure to state a cause of action is never waived, and the point can be raised for the first time in an appellate court. [McQuitty v. Wilhite, 218 Mo. 586, 591; Wilson v. Darrow, 223 Mo. 520, 531; Chandler v. Railroad, 251 Mo. 592, 599.]

Plaintiff's action is not one of those cases *ex contractu* where it is held that one may sue on a contract made for his benefit although he is not mentioned therein (Devers v. Howard, 144 Mo. 671; St. Louis v. Von Phul, 133 Mo. 565). The action is *ex delicto* for damages, and it is necessary that it should appear in the petition that defendant committed some wrongful act against plaintiff which was the proximate cause of the damage suffered.

The action may be likened to one for negligence. Wherever there intervenes an independent human agency, the immediate result of which is the injury; the causal connection with the original act is broken

and the intervening act is the proximate cause. [Fowles v. Briggs, 116 Mich. 425, 428; Railway Co. v. Merrill, 65 Kansas, 436; Milwaukee v. Kellogg, 94 U. S. 469, 475; 29 Cyc. 499.] "The connection must be immediate or the action fails. In other words, there must be causal connection between the negligence and the hurt; and such causal connection is interrupted by the interposition, between the negligence and the hurt, of any independent human agency. [Wharton on Negligence, sec. 438.]

If the charge for storage which the defendant claimed to be due to it from plaintiff was an illegal charge, then the connecting carrier who took the machine to Vincennes should not have demanded of Hoy Company that it be paid, and the latter company should not have paid it; and the plaintiff should not have reimbursed the Hoy company on account of so paying it. If plaintiff did not authorize such charge the Hoy company had no right to demand of plaintiff that it be reimbursed. These were independent intervening causes. If plaintiff has been injured it was a self-inflicted injury.

We think no cause of action was stated and that the judgment should therefore be reversed. All concur.