[Civ. No. 3926. First Appellate District, Division One.—September 24, 1921.]

## GENO P. ROBERTS, Appellant, v. SOUTHERN PACIFIC COMPANY (a Corporation), et al., Respondents.

[1] NEW TRIAL—DISCRETION—APPEAL.—The granting or refusing of a new trial is a matter largely within the discretion of the trial court and it is only when such discretion has been abused that the appellate court will reverse the order.

[2] ID.—ORDER GRANTING NEW TRIAL—GENERAL TERMS—AFFIRMANCE ON APPEAL.—Where a motion for a new trial was based on all the statutory grounds and the order granting the motion made before the amendment of 1919 to section 657 of the Code of Civil procedure was general in its terms, the order must be affirmed if it could properly have been granted on any of the assigned grounds.

[3] ID.—DISSATISFACTION WITH VERDICT—DUTY OF TRIAL COURT.—It is the duty of the trial court to grant a new trial when it is not satisfied with the verdict.

[4] CONTRIBUTORY NEGLIGENCE—WHEN QUESTION OF LAW.—The question of contributory negligence is one of fact and not one of law, save in those cases in which, judged in the light of common knowledge and experience, there is a standard of prudence to which all persons similarly situated must conform, in which cases failure to reach that standard is contributory negligence as a matter of law.

[5] NEW TRIAL — APPEAL — ORDER WHEN NOT REVIEWABLE.—Where there is any appreciable conflict in the evidence or where the question as to the probative force or the evidentiary value of the

testimony arises, the action of the trial court in granting a new trial is not open to review.

[6] ID.—PRESUMPTION AS TO ORDER.—In considering the question of the correctness of an order granting a new trial, the presumption on appeal, is in favor of the order and against the verdict.

[7] ID.—ACTION FOR DEATH OF RAILROAD BRAKEMAN—ORDER GRANTING NEW TRIAL—PRESUMPTION.—On an appeal from an order granting a new trial in an action for damages for the death of an experienced railroad brakeman who placed himself between two moving cars, it must be assumed in view of such conduct that the trial court was satisfied that the verdict of the jury rendered in favor of the plaintiff was contrary to the weight of the evidence.

[8] ID.—AFFIRMANCE OF ORDER.—Where the court, in the exercise of its wide discretion, has granted a new trial, and the case shows a reasonable or even a fairly debatable justification under the law for the action taken, the order will not be set aside on appeal.

[9] RAILROADS—DELIVERY OF DEFECTIVE CAR TO CONNECTING LINE—INSPECTION—LIABILITY FOR INJURIES.—A railway company which delivers a defective freight-car to a connecting line is not liable in damages to an employee of the latter, who is injured after the car has been inspected by the company receiving it, since the loss of control over the car and over the servants having it in charge relieves the furnishing company from responsibility to the employees of the receiving company.

APPEAL from an order of the Superior Court of the City and County of San Francisco granting a new trial. George A. Sturtevant, Judge. Affirmed.

The facts are stated in the opinion of the court.

Theodore A. Bell and C. A. Linn for Appellant.

Ford & Johnson for Respondents.

WASTE, P. J.—The plaintiff brought this action to recover damages for the death of his son, alleged to have been caused by the negligence of the defendant. He now appeals from the order granting the defendant a new trial, after verdict and judgment in his favor.

---

9. Liability of company transferring defective car to another company for injuries received by the employees of the latter thereby, note, 46 L. R. A. 119.

Plaintiff's decedent, his son, William Reilly Roberts, was a switchman in the employ of the California State Belt Railway, which is operated along the San Francisco waterfront, receiving freight-cars from various transportation companies for delivery to the piers and docks. It is connected with the tracks of the respondent at a point known as the King Street transfer. On the evening of October 9, 1914, two cars were placed on the transfer track by employees of the respondent. One of these cars was in bad order. The drawhead and everything pertaining to the coupling was missing. This car was fastened to another by means of a chain wound around its axle, and connected with the drawhead of the other car with from two and one-half to three feet of slack between the two cars. Later in the day these cars were taken off the transfer track by the Belt Line Railway, with full knowledge of their defective condition, to be delivered at pier 32. On the afternoon of the next day the two cars, still chained together, were placed at the end of a train, to be redelivered by the Belt Line to the respondent. While being thus transported, the car with the defective coupler was derailed, but after running off the track for about 250 feet, it rerailed itself. Roberts, the deceased, who was then acting as a switchman on the Belt Line, gave the engineer a signal to stop the train while he went to investigate the trouble, and to remove an amount of debris which had collected on the axle of the car while running derailed. When the train stopped, the absence of the coupling permitted the two end cars to come together. Roberts then gave the engineer a signal to back the train in order to separate the cars and enable him to look underneath them and discover the cause of the accident. As the train backed and the cars separated he leaned forward and placed his head between the two cars. With the backing of the train, the rear car, which was the one with the defective coupler continued to back until it took up the slack in the chain, when it suddenly rebounded, the two cars coming together, crushing Roberts' skull and causing his death. The absence of the coupling was a defect which was readily noticeable. It was known to the employees of the Belt Line, and its foreman told Roberts two cars were in bad order. Roberts, himself, was an experienced railroad man.

On these facts the case went to the jury, which rendered a verdict in favor of plaintiff in the sum of $5,000. Defendants moved for a new trial, which was granted. From the order granting the motion for a new trial this appeal is prosecuted.

The appellant takes the position that the order granting the motion for a new trial must be reversed upon two grounds. His first contention is that the evidence so conclusively establishes that the plaintiff's intestate was not guilty of any contributory negligence, as to preclude the court from setting aside the verdict upon the ground of the insufficiency of the evidence to support its finding to that effect. He next contends that the respondent was guilty of negligence, as a matter of law, in delivering the cars with the defective coupling to the Belt Line Railway, and that that negligence proximately caused the death of Roberts, and was not excused by the act of the Belt Line Company in accepting the cars with notice of their faulty condition.

[1] The rule is well settled by a long line of decisions in this state that the granting or refusing of a new trial is a matter largely within the discretion of the trial court, and it is only when this discretion has been abused that the appellate court will reverse the order. (*Merralls* v. *Southern Pac. Co.*, 182 Cal. 19, 22, [186 Pac. 778].) [2] In the instant case the motion was based on all the statutory grounds, and the order granting the new trial, made before the amendment of 1919 (Stats. 1919, p. 141) to section 657 of the Code of Civil Procedure, is general in its terms. It must, therefore, be affirmed if it could properly have been granted on any of the grounds assigned. (*Gordon* v. *Roberts*, 162 Cal. 506, 508, [123 Pac. 288].)

Disposing of appellant's first contention, we think we may safely assume that the question of the insufficiency of the evidence to support the finding of the jury that the decedent, Roberts, was free from contributory negligence, had much to do with the trial court's action in granting the motion for a new trial. No motion for a nonsuit was made, and the question of the contributory negligence of the decedent was submitted to the jury. [3] But if the trial court was not satisfied with the verdict, it was its duty to grant the motion for a new trial. (*Marr* v.

*Whistler,* 49 Cal. App. 364, [193 Pac. 600]; *Condee* v. *Gyger,* 126 Cal. 546, 547, [59 Pac. 26].) **[4]** True it is that the question of contributory negligence is one of fact for the jury, under proper instructions, and not one of law, save in those cases in which, judged in the light of common knowledge and experience, there is a standard of prudence to which all persons similarly situated must conform. In such cases failure to reach that standard is contributory negligence as a matter of law. (*Williams* v. *Pacific Electric Co.,* 177 Cal. 235, 238, [170 Pac. 423].) **[5]** If there be any appreciable conflict in the evidence, the action of the trial court in granting a new trial is not open to review. Even in those cases where there may not appear to be a conflict in the evidence, and where all the proofs seem to be favorable to one or the other of the parties litigant, the question as to the probative force, or evidentiary value of the testimony, is one the determination of which is with the trial court in a proceeding on a motion for a new trial, where, as here, one of the grounds is the insufficiency of the evidence to justify the verdict. (*Otten* v. *Spreckels,* 24 Cal. App. 251, 257, [141 Pac. 224].) **[6]** In considering the question of the correctness of an order granting a new trial, the presumption on appeal is in favor of the order and against the verdict. (*Marr* v. *Whistler, supra.*) **[7]** In the light of the wide discretion permitted to the trial court in such matters, and in view of the conduct of the decedent, an experienced railroad man, in placing himself between the two cars as he did, we must assume that the trial court was satisfied that the verdict of the jury rendered in favor of the plaintiff was contrary to the weight of the evidence. (*Shilling* v. *Dodge,* 22 Cal. App. 517, 518, [135 Pac. 299].) **[8]** Where the court, in the exercise of its wide discretion, has granted a new trial, and the case shows a reasonable or even a fairly debatable justification under the law for the action taken, the order will not be set aside on appeal. (*Preluzsky* v. *Rittigstein,* 51 Cal. App. 427, [196 Pac. 917].)

For another reason the order granting a new trial in this case must be affirmed. One of the defenses sought to be established by the respondent was that it had given notice to the Belt Line Railway that the car was in a defective condition, and that the respondent proposed to

repair it before delivery, but that with knowledge of these facts the Belt Line, desiring haste in the matter so that the ship for which the contents of the car were destined might be loaded without delay, directed and accepted the delivery of the car in its known defective condition. The trial court would not permit the introduction of any evidence in support of this defense. It also refused to give an instruction requested by the respondent in keeping with its proposed separate defense, but did instruct the jury to the effect that the respondent was guilty of negligence in delivering the defective car to the Belt Line Railway, and that such negligence could not be justified or excused by showing that the connecting line was equally or more careless in the premises. This action of the trial court was error.

The appellant seeks to recover in this action upon the theory that the injury and death of Roberts was the natural and probable consequence of the delivery by the respondent of the defective car to the Belt Line, and such a consequence as should have been foreseen in the light of the attendant circumstances; and, further, that the delivery of such defective car was the primary and proximate cause of Roberts' death. The trial court accepted this view, and confined the issues strictly within the lines of appellant's contention, as indicated by the rulings just referred to. There are cases holding, as contended by the appellant, that where there is an arrangement between the connecting roads for the interchange of cars, it is the duty of each, on transferring the car to the other, to see that it is in a safe and suitable condition for the use for which it is intended, which duty extends not only to the receiving company as such, but to its employees who are to handle the car, and such employees may recover from the company delivering the car for injuries due to its defective condition, notwithstanding the company employing them was also negligent in regard to inspecting and receiving the car. An examination of these decisions, however, discloses that some of them were directly overruled by the same court in later decisions, and others may be distinguished to the extent that they have little or no application here. They are in conflict with the weight of authority.

[9]   What seems to be the generally accepted doctrine—contrary to that contended for by the appellant—is well established by a number of leading cases (*Lellis* v. *Michigan Cent. Ry.*, 124 Mich. 37, [70 L. R. A. 598, 82 N. W. 828]; *Glynn* v. *Central Ry. Co.*, 175 Mass. 510, [78 Am. St. Rep. 507, 56 N. E. 698]). The supreme court of Kansas had occasion to consider the precise question we have now before us, both before and after the rendition of the two decisions last cited. In its first opinion in the case it held exactly as appellant would have us hold. See *Missouri K. & T. Ry. Co.* v. *Merrill*, 61 Kan. 671, 675, [60 Pac. 819], which is one of the decisions given as authority by the author of the work relied on by this appellant. But upon rehearing (65 Kan. 436, 439, [93 Am. St. Rep. 287, 59 L. R. A. 711, 70 Pac. 358]) the court said: "We are now fully convinced that the doctrine announced in our former decision on the subject in hand runs counter to an unbroken current of authorities, and fails to stand the test of reason." It then proceeded to make a critical examination of the cases cited by it in its former opinion to sustain the view then taken by it, and showed that they were to be distinguished from the case at its bar. Some of the cases there reviewed and distinguished are relied upon by the appellant here. After such full and comprehensive study of the question the court reached and laid down the rule that a railway company which delivers a defective freight-car to a connecting line is not liable in damages to an employee of the latter, who is injured after the car has been inspected by the company receiving it. The loss of control over the car, and over the servants having it in charge, relieves the furnishing company from responsibility to the employees of the receiving company. (*Missouri K. & T. Ry. Co.* v. *Merrill,* 65 Kan. 436, [93 Am. St. Rep. 287, 59 L. R. A. 711, 70 Pac. 358].) The basis of the decision seems so sound and the reasoning so clear that we think it useless to attempt to go over the same ground here, but refer to it as a complete answer to appellant's contention. It and the other cases cited above have been followed or quoted approvingly in *McCallion* v. *Missouri Pacific Ry.*, 74 Kan. 785, [88 Pac. 50]; *Schneider* v. *Little Co.*, 184 Mich. 315, [151 N. W. 587, 589]; *Luck Const. Co.* v. *Chicago & A. Ry. Co.*, 200 Mo. App. 450,

452, [207 S. W. 840, 841]; *McNamara* v. *Boston & M. R. R. Co.*, 202 Mass. 491, 500, [89 N. E. 131, 135]; *Continental Fruit Express* v. *Leas*, 50 Tex. Civ. App. 584, [110 S. W. 129, 132]; *West Jersey & S. R. Co.* v. *Cochran*, 266 Fed. 609, 611. Under the rule laid down in these cases it seems clear that the plaintiff would have no cause of action against the respondent railway company under the facts attempted to be shown by it in its separate defense, which was ruled out by the trial court. The defective condition of the car was neither secret nor hidden. We think, therefore, the causal connection between the act of the respondent and the injury to plaintiff's intestate was severed by the interposition of an independent agency, the Belt Line Railway, if the facts urged by respondent in its separate defense were proved. Several of the cases above cited so hold. (See particularly *Missouri K. & T. Ry. Co.* v. *Merrill, supra,* and *McCallion* v. *Missouri Pacific Ry. Co., supra.*)

The order granting the motion for a new trial is affirmed.

Richards, J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 21, 1921.

All the Justices concurred.