[Civ. No. 9086. First Appellate District, Division One.—June 1, 1933.]

NATIONAL AUTOMOBILE INSURANCE COMPANY (a Corporation) et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION and VAL. S. STALL, Respondents.

Henry G. Sanford, William T. Doyle and George C. Faulkner for Petitioners.

Arthur I. Townsend, Everett A. Cortez and Joseph T. Curley for Respondents.

THE COURT.—An application for a writ of *certiorari* to review an award of the Industrial Accident Commission.

The undisputed facts are as follows: Respondent Stall was employed by petitioner Armstrong as a garage floorman. On September 1, 1932, while cleaning one of the automobiles stored in his employer's garage, he found on the seat of the car what appeared to be and what he thought was a fountain pen. The article was in fact a loaded pen pistol which, while in Stall's hand, exploded, totally destroying the sight of one of his eyes and injuring the other. An award was made to him by the Commission.

Petitioners claim that the evidence did not justify the findings, and that consequently the Commission acted in excess of its jurisdiction.

Stall testified that he did not voluntarily manipulate the mechanism of the pistol in any way, and his employer testified that it was his duty to take charge of any article found in a car and deliver the same to his employer or place it in a pocket in the car. A dealer in arms and ammunition, called on behalf of petitioners, testified that he was familiar with the type of pistol which caused the injury. He gave as his opinion that when fully compressed the spring operating it required a pull of about ten pounds on the button. He testified to ways in which a discharge might be brought about, one being a method by which a malicious person might designedly cause the mechanism to act under circumstances similar to the present case. Another was that sometimes, after several attempts to fire the cartridge by striking the firing pin upon it, a lighter blow will cause an explosion.

Petitioners contend that this witness being an expert, and his testimony being uncontradicted, the same was conclusive upon the question at issue, and that Stall's testimony that he did not manipulate the mechanism should have been disregarded. This claim is based upon certain decisions with respect to evidence on medical treatment and practice. The

rule has been declared that what is or what is not proper practice or the usual practice in treatment are questions for experts and can be established only by their testimony (*Arnold* v. *Hopkins,* 203 Cal. 553 [265 Pac. 223]; *Perkins* v. *Trueblood,* 180 Cal. 437 [181 Pac. 642]; *Houghton* v. *Dickson,* 29 Cal. App. 321 [155 Pac. 128]; *Ingamells* v. *Goodfellow,* 109 Cal. App. 62 [292 Pac. 162]; *Roberts* v. *Parker,* 121 Cal. App. 264 [8 Pac. (2d) 908]); and when the question is one within the knowledge of experts only, such testimony is conclusive (*Pearson* v. *Crabtree,* 70 Cal. App. 52 [232 Pac. 715]; *William Simpson Const. Co.* v. *Industrial Acc. Com.,* 74 Cal. App. 239 [240 Pac. 58]; *Nicholas* v. *Jacobson,* 113 Cal. App. 382 [298 Pac. 505]). However, it has been held that the rule does not apply to facts which may be ascertained by the use of the senses of a nonexpert (*Barham* v. *Widing,* 210 Cal. 207 [291 Pac. 173]), nor is a tribunal bound by expert testimony as to facts which inspection by nonexperts would disclose (*Brandes* v. *Rucker-Fuller Desk Co.,* 102 Cal. App. 221 [282 Pac. 1009]; 10 Cal. Jur., sec. 211, Evidence, p. 948 et seq.). Moreover, the question of credibility is for the fact-finding body (*State Compensation Fund* v. *Industrial Acc. Com.,* 195 Cal. 174 [231 Pac. 996]); and the weight to be given such testimony may properly be controlled by consideration of the interest, bias or motives of the witness as well as of the manner in which he testifies. The circumstances were such that the Commission was not bound by the testimony of petitioners' witness, and the other evidence was amply sufficient to sustain the conclusion that the injury arose out of the employment, was accidental and not due to misconduct on the part of respondent Stall.

The writ is denied.