[Civ. No. 9061. Second Appellate District, Division One.—June 17, 1935.]

LOTTA FAY THOMASON et al., Appellants, v. EDWARD E. HETHCOCK, Respondent.

Pace, Smith & Purdue and Troy Pace for Appellants.

W. I. Gilbert for Respondent.

ROTH, J., *pro tem.* — This is an appeal from an order granting motion for a new trial. The order appears to have been granted on the ground that the evidence is insufficient to sustain the verdict of the jury. In any event, the sufficiency of the evidence to sustain the verdict of the jury is the sole question urged on this appeal.

Respondent is a physician, sued for malpractice. A recapitulation of all the facts is not necessary to present and decide the controlling question. An hypothetical question was put to an expert called on behalf of appellant, which sufficiently and correctly summarized the evidence from appellants' view of the case to fairly present the situation to the expert. (*Hutter* v. *Hommel,* 213 Cal. 677, 680 [3 Pac. (2d) 554] ; *Treadwell* v. *Nickel,* 194 Cal. 243, 267 [228 Pac. 25].) The question ended with the following paragraph :

"In your opinion, based upon this statement of facts, was the procedure of the defendant, in advising and in administering the treatment and in the care of the patient thereafter, such as, in the exercise of due caution and ordinary skill, would be commonly adopted and used by reputable physicians and surgeons generally in this locality under the same or similar circumstances?"

Objection and argument followed, and other questions by the court and counsel for both sides were then put, with more objections and more argument. Then followed a *voir dire* examination of the expert by respondent, and finally the trial court put a question and received an answer as follows:

"Q. I did not ask you to express an opinion. The question is, have you any opinion—can you answer that question—with the facts just given you and nothing else—can you answer either 'yes' or 'no'? Now, that is not a difficult question. Certain conditions have been stated there to you. Certain treatment administered. Now, then, the question is, have you an opinion as to whether or not this doctor that treated her followed the usual and ordinary method? And if you have an opinion, say so.

"A. That helps. I have such an opinion. And I am obliged to answer, no."

The negative opinion expressed by the expert in question is the only evidence in the record on the question of whether the respondent used such ordinary care as would be used by doctors possessing ordinary skill practicing in this locality under the same or similar circumstances.

Respondent criticises at some length the question put by the court, as well as the original question put by appellants which has been referred to, and points out that neither question establishes or tends to establish .that, because a usual or ordinary method of treatment was not followed, the diagnosis made and the treatment actually rendered was inconsistent with such as would be made and rendered by a physician under similar circumstances, using ordinary care and possessing the skill usually and ordinarily possessed by physicians and surgeons in the same locality.

It may be conceded that the question which the jury must ultimately decide is not whether the treatment administered is such as would be commonly adopted and administered by doctors of ordinary skill in the use of ordinary care, but that the ultimate question is whether the treatment administered or the method used, whether a common method of treatment or not, was such, or was given in such a manner as indicated, suggested or demonstrated a lack of that care, training and skill which is ordinarily possessed by physicians and surgeons practicing in the same or similar communities.

(*McLennan* v. *Holder*, 1 Cal. App. (2d) 305, 314 [36 Pac. (2d) 448].)

In short, the ultimate question which the jury must answer, and the question or questions which a doctor testifying as an expert may answer for the purpose of furnishing to the jury evidence upon which a jury is to make up its mind, are not identical. (*Samuels* v. *Willis*, 133 Ky. 459 [118 S. W. 339, 19 Ann. Cas. 188]; *Long* v. *John Breuner Co.*, 36 Cal. App. 630 [172 Pac. 1132].) In the Willis case, *supra*, at page 341 [118 S. W.] the court says:

"Appellant testified, and a number of the other witnesses in his behalf testified, as to the customary and correct method of skilled physicians in performing the operation which is the subject of this suit. Some of the witnesses were asked the hypothetical question whether, if the operation was performed in that manner, it was an ordinarily careful manner of doing it, or was negligent. Upon objection the witnesses were not allowed to answer that question. This was the correct ruling. That was for the jury alone. *Witnesses from a profession may be called to testify concerning the teachings of their science, and the customs of their craft, but whether these things amount to due care is for the court or jury to say in a controverted case.*" (Italics ours.)

The same distinction is pointed out in *McLennan* v. *Holder, supra*, where the court sustained an objection to a similar question, pointing out that the question propounded to the expert required the expert to decide what the jury must ultimately decide. In that case, page 312, the court says, however:

"In *National Automobile Ins. Co.* v. *Industrial Acc. Com.*, 132 Cal. App. 373 [22 Pac. (2d) 568], . . . we find the following:

" 'The rule has been declared that what is or what is not proper practice or the usual practice in treatment are questions for experts and can be established only by their testimony.' . . . "

There is no contention in this case that the jury was not properly instructed. On the contrary, a close scrutiny of the instructions shows that the jury was fully and accurately instructed as to the standard of care and skill required of a doctor and in all other respects on the question of liability.

■ The question of the trial court, when read in connection with the hypothetical question directly put by appellant, and the discussion which ensued after the hypothetical question had been put, and the cross-examination which followed the expert's direct evidence, make it clear to us that the negative answer was directed to the hypothetical question as supplemented by the question finally put by the court. In addition, the question that was finally put by the court was not objected to by respondent, even though there had been an avalanche of objections and discussion on practically every phase of the hypothetical testimony, and the right of the expert to testify at all, at prior stages of the proceedings. None of these specific objections, however, is discussed or urged on this appeal. The failure of respondent to object was in effect a consent that the testimony might be received and cannot be urged. for the first time on appeal. (*McLennan* v. *Holder, supra.*)

The evidence of the expert mentioned being the only evidence, since the respondent called no experts from which the jury could properly determine whether respondent used the care and skill required by law, the single question is whether the trial court abused its discretion in granting the motion for a new trial.

■ Cases are legion to the effect that the power to grant a new trial on the ground of insufficiency of the evidence is largely within the discretion of the trial court, and that an appellate court will reverse such an order only in the event there is a clear showing that this discretion has been abused. (*Roberts* v. *Southern Pacific Co.*, 54 Cal. App. 315, 318 [201 Pac. 958]; *Merralls* v. *Southern Pacific Co.*, 182 Cal. 19, 22 [186 Pac. 778].)

In the Roberts case, *supra,* it is said at page 319: "If there be any appreciable conflict in the evidence, the action of the trial court in granting a new trial is not open to review. Even in those cases where there may not appear to be a conflict in the evidence, and where all the proofs seem to be favorable to one or the other of the parties litigant, the question as to the probative force, or evidentiary value of the testimony, is one the determination of which is with the trial court in a proceeding on a motion for a new trial, where, as here, one of the grounds is the insufficiency of the evidence to justify the verdict."

In spite of the latitude allowed to a trial court, as suggested by the foregoing excerpt, such court cannot disregard and ignore uncontradicted evidence which has been accepted as a fact by a jury, when the evidence is of such a nature that it is within the knowledge of experts alone and not within the common knowledge of laymen. The case of *William Simpson C. Co.* v. *Industrial Acc. Com.,* 74 Cal. App. 239, 242, 243 [240 Pac. 58], is decisive of the issue in the instant case. In the Simpson case the respondent, Industrial Accident Commission, ignored and rejected the uncontradicted testimony of medical experts on what was a proximate cause of a death. With reference to the action of the Industrial Accident Commission, this court said: "Assuming that the law is correctly stated in this quotation from Corpus Juris, it will be noted that the court or jury may reject the testimony of experts, even though uncontradicted, except where 'the subject is one for experts or skilled witnesses alone, and the jury cannot properly be assumed to have, or be able to form, correct opinions of their own, under which circumstances the unanimous evidence of properly qualified witnesses has been regarded by some courts as conclusive'.

"In this state it has frequently been held that the proper or usual practice and treatment by a physician or surgeon in the examination and treatment of a wound or injury, is a question for experts and can only be established by their testimony. (*Perkins* v. *Trueblood,* 180 Cal. 437, 443 [181 Pac. 642]; *Houghton* v. *Dickson,* 29 Cal. App. 321, 324 [155 Pac. 128]; *Dameron* v. *Ansbro,* 39 Cal. App. 289, 300 [178 Pac. 874]; *Pearson* v. *Crabtree,* 70 Cal. App. 52 [232 Pac. 715].)

"The rule to be drawn from these decisions, as we understand them, appears to be that whenever the subject under consideration is one within the knowledge of experts only, and is not within the common knowledge of laymen, the expert evidence is conclusive upon the question in issue. It follows that in such cases, neither the court nor the jury can disregard such evidence of experts, but, on the other hand, they are bound by such evidence, even if it is contradicted by nonexpert witnesses. The same rule would, of course, apply to a proceeding before the Industrial Accident Commission. Under this rule the Commission, in the present proceeding, could not reject the evidence of the medical

experts when testifying upon any subject peculiarly within their own knowledge. The same rule would apply as to opinions of the medical experts upon a subject solely within their professional knowledge, and not within the knowledge of the ordinary individual.'' (*Hines* v. *Industrial Acc. Com.,* 215 Cal. 177, 187 [8 Pac. (2d) 1021]; *Ross* v. *Hieronymus,* 2 Cal. App. (2d) 258 [37 Pac. (2d) 837].)

Respondent complains that the testimony of the expert is not of sufficient substance to sustain a verdict, because the expert gave no reasons for his opinion. While it may be true that an expert may give reasons for his opinion on direct as well as on cross examination (*Healy* v. *Visalia T. & R. Co.,* 101 Cal. 585 [36 Pac. 125]; Jones on Evidence, 2d ed., vol. 3, p. 2453, note 17), we know of no case, and have been cited to none, which requires him to do so. The facts in the hypothetical question put are in themselves reasons for an answer, and, finally, respondent has the undoubted right to probe for additional reasons on cross-examination, if such are desired. Since respondent failed to ask for the reasons which he claims are so important, we have a right to assume that the expert could have supplied abundant reasons had he been called upon to do so.

In the case of *McLennan* v. *Holder,* 1 Cal. App. (2d) 305, 314, 315 [36 Pac. (2d) 448], the court on a somewhat analogous situation said: ''This evidence in itself is sufficient to support the finding of negligence, as it is evidence that in this one respect defendant did not use the care and skill used by surgeons performing similar operations in the same or similar communities, according to the testimony to which we have just referred.''

The order granting the motion for new trial is reversed.

Conrey, P. J., and York, J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 15, 1935.