[Sac. No. 577.   Department Two.—December 29, 1899.]

JEROME CHURCHILL, Respondent, v. GEORGE R. FLOURNOY et al., Appellants.

ORDER GRANTING NEW TRIAL—DELAY OF HEARING—LACHES—CONSENT—PRESUMPTION UPON APPEAL.—Upon appeal from an order granting a new trial. where the record does not show that any objection was made to delay in the hearing of the motion on the ground of apparent laches of the moving party, it will be presumed by this court that the time for the hearing of the motion was extended by consent of the parties.

ID.—STATEMENT—REFERENCE TO MAP TRACING—STIPULATION—PRESUMPTION—CLERK'S CERTIFICATE.—The fact that the engrossed statement contained a direction as to the insertion of a map tracing, which at the trial had been directed to be filed in lieu of a map used in evidence. and that it was not inserted, and does not appear in the transcript, does not show a skeleton statement inconsistent

with an order granting the motion, where it appears that both parties stipulated that the statement was properly engrossed, and that such stipulation was approved by the judge. It must be presumed in support of the order that the map tracing was properly used upon the hearing; and the clerk's certificate that it was not on file cannot be considered, and has no effect against such presumption.

ID.—PARTIES TO MOTION — SERVICE OF NOTICE — DEATH OF DISCLAIMING DEFENDANT—AUTHORITY OF ATTORNEY—JURISDICTION—AFFIRMANCE OF ORDER.—The death of a disclaiming defendant, in an action involving the title to water, after a judgment in his favor, and before notice of the hearing of a motion for a new trial, revokes the authority of his attorney; and the service of the notice upon his attorney is ineffectual for any purpose, and cannot confer jurisdiction upon the court to grant the motion as to him. But such disclaiming defendant is not a necessary or adverse party to the motion; and the affirmance of an order granting the motion will not have the effect to vacate the judgment in his favor.

ID.—OPINIONS OF TRIAL JUDGE AND OF JUDGE GRANTING NEW TRIAL.—The opinion of the trial judge, whether appearing in the briefs of counsel or in the record, can only be useful to indicate the points involved, and the views of the trial court thereupon, and cannot be considered to affect or change the facts as found; nor can the reasons given in the opinion of the judge granting a new trial control the legal effect of a general order granting the same.

ID.—SUPPORT OF ORDER GRANTING NEW TRIAL.—An order granting a new trial will be affirmed, if it can be justified on any ground made by statute a ground for new trial, which is included in the mo-. tion, regardless of the ground on which the court below may have based its order.

ID.—CHANGE OF JUDGE—GENERAL ORDER GRANTING NEW TRIAL—CONFLICTING EVIDENCE—PRESUMPTION. — Where the trial is had before one judge, and the motion for a new trial is passed upon by another judge, the latter stands in the shoes of the former, and has the same power and is charged with the same duty as if the motion had come before the former. If the motion is made upon all the statutory grounds, a general order granting a new trial, made by another judge, is entitled to the same presumption that the court changed its opinion as to the effect of conflicting evidence as if the order were made by the trial judge.

APPEAL from an order of the Superior Court of Lassen County granting a new trial. F. A. Kelley, Judge.

The facts are stated in the opinion.

Goodwin & Goodwin, for Appellants.

Spencer & Raker, and Clarence A. Raker, for Respondent.

CHIPMAN, C.—Action to abate a certain dam and enjoin the diversion of water, with damages. As conclusion of law, the court found that plaintiff was entitled to take nothing by the action and that defendants were entitled to judgment for their costs, and judgment was accordingly entered. The court made an order granting plaintiff's motion for a new trial, from which defendants appeal.

1. Appellants contend that the court abused its discretion in granting the motion upon a record showing laches by the moving party in making his application.

We do not think it necessary to state the facts presented by respondent as accounting for the delay complained of. The record contains nothing to show that appellants, at the hearing of the motion, made the objection now urged.

The code does not prescribe the time within which the application for a new trial shall be heard further than to provide that it "shall be heard at the earliest practicable period after notice of the motion," etc. (Code Civ. Proc., sec. 660.) In *Boggs v. Clark*, 37 Cal. 236, cited by appellants, the plaintiff gave notice of a motion to dismiss defendant's motion for a new trial on the ground that defendant had not presented his motion in reasonable time, and the two motions were heard together. In the present case the objection was made for the first time in this court. We must presume that the time was extended by consent of the parties. (*Patrick v. Morse*, 64 Cal. 462; *Horton v. Jack*, 115 Cal. 29; Hayne on New Trial and Appeal, sec. 145, subd. 3, sec. 146.)

2. It is claimed that the motion was heard on a skeleton statement and should have been denied for that reason. (Citing *Reclamation Dist. v. Hamilton*, 112 Cal. 603, and other cases.) Counsel for plaintiff at the trial offered, without objection, certain portions of a map for the purpose of explaining the evidence given by witnesses. The court stated that counsel would be allowed at any time to remove the map and file a copy. The transcript then reads: "(Here insert tracing of map)." This map does not appear in the transcript. The cause was tried by Judge Clough of Plumas county, sitting by request of the judge

of Modoc county. When the proposed statement came before him for settlement, it was in the same condition as now with respect to the map; i. e., the tracing had not been inserted. Counsel for both parties, however, stipulated "that the foregoing engrossed statement . . . . is true and correct, according to the order settling the same, . . . . and ordering that the original statement made by the plaintiff, and the amendments thereto proposed by the defendants, be engrossed as set out in this engrossed statement." Judge Clough, in the order settling the statement, recited the agreement of counsel and proceeded: "And the same having been duly and timely engrossed as directed by the judge, the same is hereby settled and allowed as true and correct." The cause was transferred to Lassen county, before the motion for a new trial was heard, and came before Judge Kelley and was heard without any objection being made by either party that the map referred to in the statement was not engrossed or inserted at the proper place, or referred to or identified. In certifying defendants' supplemental bill of exceptions the clerk added to his certificate a statement that no map was amongst the papers in the action when transferred from Modoc county to Lassen county on August 22, 1896, "and no such map has been received for filing or filed in said court." We do not see how defendants can take advantage of this situation. They stipulated that the engrossed statement was true and correct without the map being inserted. By agreement of the parties the motion was heard with the statement in the condition we now find it, and we must presume, if the court had occasion to consult the map, that it was before the court. We cannot consider the certificate of the clerk that no map was on file, for he had no authority to certify to such fact and his certificate forms no part of the bill of exceptions. But, if we can look to the clerk's certificate, it does not go far enough to rebut the presumption that the map was used at the hearing, although not filed. It may have been used and not filed.

3. It is contended that all the parties necessary to the hearing were not before the court on May 6, 1898, when the court heard the motion, and the court had no jurisdiction to grant the motion.

The contention rests upon the alleged fact that defendant William S. Flournoy, Sr., died on January 4, 1897—about

three months before the motion was noticed to be heard—and that there has been no administration of his estate. Affidavit of the fact was made by defendant J. D. Flournoy October 31, 1898; was served on plaintiff's counsel October 31, 1899, and was filed here November 15, 1899; no motion has been made to substitute any person as the representative of the deceased. Flournoy, Sr., appeared and answered the complaint, but before the trial he, with two other defendants, Painter and Isaac Slippey, withdrew his answer and filed an answer disclaiming all interest in the subject of the controversy, and alleged that all his acts in diverting and using the waters involved were done as the agent of his codefendants William S. Flournoy, Jr., and George R. Flournoy and through their authority. The court made findings as to the defendants who had not disclaimed and found as to Flournoy, Sr., and the other two disclaiming defendants, that they had no interest and claimed none in the water or ditch involved. The judgment, however, is that plaintiff "take nothing as against the defendants . . . . and that the defendants do have and recover . . . . from plaintiff their, said defendants', costs in this action." The papers of plaintiff on the motion for new trial were served upon and service acknowledged by the attorneys of record for defendants; the order granting the motion recites that it was "duly argued by the respective counsel for litigants and submitted to the court for decision"; on April 28, 1898, the attorneys who appeared for defendants at the trial gave notice of appeal from the order. So far as appears, the same attorneys represented the defendants up to the time the transcript was filed—July 19, 1898. After that date the defendants were represented by Messrs. Goodwin & Goodwin, one of whom was an attorney for defendants at the trial. Respondent brings to our attention some additional facts which tend to show that appellants knew of the death of Flournoy, Sr., before the motion was heard and failed to call attention to the fact at the hearing of the motion or to notify appellants' counsel until after the transcript was filed here, and showing that respondent had no personal knowledge of Flournoy's death. Respondent claims upon the authority of *Moyle v. Landers,* 78 Cal. 99, that appellants are estopped from raising the point at this time. In the case cited there was a

fraudulent design shown to conceal the death of a party with a purpose to take advantage of the fact in this court. In the case at bar, there is no evidence showing fraud or willful concealment of the death of Flournoy by appellants. It also appears that prior to March, 1895, Flournoy, Sr., conveyed all his interest in the lands and water and ditches involved in the action to one Hershey, and that the action was continued in Flournoy's name with Hershey's consent and with the knowledge of defendants' attorneys. The circumstances are not such as to take the case out of the rule that the death of a party revokes the authority of his attorney, and that service upon the attorney after the death of the party is ineffectual for any purpose. (Hayne on New Trial and Appeal, sec. 210; *Moyle v. Landers, supra; Pedlar v. Stroud,* 116 Cal. 462.) As to defendant Flournoy, Sr., the court was without jurisdiction to make the order. He was not, however, a necessary party and was not an adverse party, for he disclaimed any interest in the controversy. The case of *Herman v. Menzies,* 115 Cal. 25, 56 Am. St. Rep. 82, cited by appellants, is not in point, for there the party was adverse and was a necessary party to a determination of the issues. We do not think that the affirmance of the order would have the effect to vacate the judgment as to Flournoy, Sr. No exception need therefore be made with reference to him.

4. At the hearing of the motion the plaintiff presented and asked the court to identify and use the opinion rendered by the judge who tried the case in deciding the same. It was received and forms part of defendants' bill of exceptions. Defendants objected at the time, and now claim that the court erred in its ruling. The opinion of the judge who granted the motion is also made part of the record, from which it appears that he made use of the opinion objected to and based his order, in part at least, upon certain views therein expressed with which he disagreed. The presence of the judge's opinion in the transcript, conceding that it forms no part of the record under section 660 of the Code of Civil Procedure, cannot be prejudicial; the most that can be said is that it entailed needless cost upon appellants in compelling them to print it. It is not unusual for counsel to embody the opinion of the lower court in the

briefs, the better to enable the appellate court to fully comprehend the points involved and the views of the trial court. Whether appearing in the briefs or in the record, however, the opinion cannot be considered to affect or change the facts as found.

5. Although the cause was tried by one judge and the order was made by another judge, the latter possessed the same power and was charged with the same duty as though the motion had come before the former. (*Garlon v. Stern*, 121 Cal. 347.)

The failure to find upon a material issue is no ground for granting a new trial. Whether the judgment is authorized by the pleadings or findings is a question not involved in a re-examination of the facts (*Riverside Water Co. v. Gage*, 108 Cal. 240); nor is the trial court authorized to grant a new trial upon the ground that the conclusions, from the facts found, are a decision against law. (*Pierce v. Willis*, 103 Cal. 91.) The examination is limited to a consideration of the sufficiency of the evidence to sustain the findings of fact (*Brison v. Brison*, 90 Cal. 323), and whether any errors of law occurred at the trial. (*Riverside Water Co. v. Gage, supra.*)

Plaintiff claimed the right to the waters of Pine creek in Modoc county both as riparian owner of the lands through which the creek runs and as an appropriator of the waters. Plaintiff sought to enjoin defendants from maintaining their dam located in Pine creek, above plaintiff's point of diversion and above his riparian lands, and from diverting the waters of said creek through their ditch leading from said dam, and prayed that the said dam be permanently removed. Defendants state in their brief that they "did not plead title by adverse possession, but merely the bar of the statute to plaintiff's cause of action. The plea was defensive merely, and would not support a judgment for defendants to any amount of water." Nevertheless, defendants' evidence was directed to their prescriptive right by prior appropriation and user for the statutory period and longer. Plaintiff moved upon all the statutory grounds. The record is voluminous, and the briefs discuss with ability and much detail every phase of the case. It is only necessary for us to discover whether any of the grounds are sufficient, for the rule is well settled that the order granting a new

trial will be affirmed if it can be justified on any ground made by statute the subject of a motion for a new trial; and this court is not confined to the ground on which the court below placed its order, for, as was said in *Kauffman v. Maier*, 94 Cal. 269, the court below "cannot by stating in its order (and, we may add, or in its opinion) that the motion is granted upon one ground only, and denied upon the others, deprive the other party of the right to a review by this court of the entire record." (See, also, *Hayes v. Fine*, 91 Cal. 391; *In re Kingsley*, 93 Cal. 576.) We are, therefore, not confined to the reasons "expressly set forth" by the judge in his opinion as the grounds on which the motion was granted. Besides, the order itself is general and discloses no grounds upon which it is based. There are sixty-seven separate findings of fact, many of which, if not all of them, are material and rest upon conflicting evidence. This fact is so manifest from an examination of the opinion of the trial judge and the elaborate briefs of counsel that we deem it unnecessary to specify particulars. It was said in a recent case here: "It is the duty of the judge of the trial court to grant the new trial whenever he is not satisfied with the verdict, if tried by a jury, or with the findings, if tried by the court; and he is not bound by the rule as to conflicting evidence as is this court" (*Condee v. Gyger*, 126 Cal. 546); and it was further therein said: "In support of the order we must presume that the court changed its opinion as to the effect of the evidence and reached a different conclusion upon the hearing of the motion." The same presumptions must be indulged although the motion was heard by a judge who did not try the case. It may be that the judge who tried the case would have adhered to his decision on all points, and that defendants have been placed at a disadvantage by having the motion heard by a judge who could only gain his impressions from the statement, still, the rules of law place him in the shoes of the trial judge clothed with all his powers and duties, and we are not permitted to otherwise regard him or his order made in the case.

We advise that the order be affirmed.

Gray, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the order is affirmed.        McFarland, J., Temple, J., Henshaw, J.