[No. 24.   Third Appellate District.—October 2, 1905.]

## PETER MARTIN, Appellant, v. MARKARIAN AND COMPANY (a Corporation), Respondent.

APPEAL — ORDER GRANTING NEW TRIAL — CONFLICTING EVIDENCE. — Where one of the grounds of the motion for a new trial was insufficiency of the evidence to justify the verdict, and the evidence is substantially conflicting, an order granting a new trial will not be set aside.

ID.—REVIEW OF ORDER—GROUND EXPRESSED—APPELLATE COURT NOT LIMITED.—In reviewing the order granting a new trial this court is not limited to the ground expressed by the trial judge; but the order will be sustained upon any tenable ground assigned.

APPEAL from an order of the Superior Court of Fresno County granting a new trial. H. Z. Austin, Judge.

The facts are stated in the opinion of the court.

H. H. Welsh, and George Cosgrave, for Appellant.

F. H. Short, and A. M. Drew, for Respondent.

BUCKLES, J.—This is an action to recover the price of figs sold and delivered on August 19, 1903. The parties entered into the following written contract:—

"This certifies that Peter Martin has sold to Markarian & Company and Markarian & Company has bought all the White Adriatic Figs produced during the year 1903, on Gordon, Patterson, Grant Orchard Farm, F. Travers, Sanger, Gardenie, Harrison, C. Liman, Starwalt, and Beasley places, and estimated to be 100 tons.

"The seller, as a condition of sale, warrants all said fruit well cured and merchantable, and free from unmatured fruit, and agrees that he will deliver said fruit to buyer at their packing house in Fresno, as fast as cured, said delivery to commence on or before Aug. 22d, 1903, and all fruit to be delivered by Nov. 1st, 1903. Until delivery is made, seller waives payment of purchase price, and assumes all risk of injury to or loss of said fruit.

"The buyer agrees to pay in cash at delivery for all figs delivered of quality and condition as above, and in lots as received, 3½ cents per pound and 50c per ton for hauling.

"This is intended to be and is an absolute sale, and title to said fruit has passed to buyer subject to foregoing conditions.

"Witness to mark and sig-                          his
  nature of Peter Martin,        "Seller PETER———MARTIN
      "H. H. WELSH                              mark.
            "Markarian & Company,
"Dated Aug. 19, 1903.            "Per H. MARKARIAN.
"Witness, W. C. NIXON."

Some of the figs were then growing upon the trees. There is some confusion in the pleadings as to the amount of these dried figs which were delivered. The complaint alleges there were 71.1015 tons delivered and claims as a balance due the sum of $435.91, while the answer denies that plaintiff delivered 66 1-6 tons of figs or any other number of tons or greater amount than 65 97-250 tons and denies that there remains due and unpaid plaintiff the sum of $437.50 or any other sum.

The case was tried by a jury, which found a verdict for plaintiff for the sum of $435, and judgment was rendered for plaintiff for that amount. A motion was made for a new trial on the grounds that the evidence is insufficient to justify the verdict; that said verdict is against law; that "on account of errors of law occurring at the trial and excepted to by the defendant" and on account of newly discovered evidence,

etc. The motion was granted and the appeal is from the order granting the motion, and it appears from what the trial judge said on the hearing of the motion that the same was granted "for the reasons, as well as others not here adverted to, the *verdict is against law* and should be set aside and a new trial granted." The written opinion of the trial judge is set out in appellant's reply brief.

The evidence is contained in the statement, and shows a substantial conflict in that which is most important and material, and this being a fact, under the well-established rule that the order granting a new trial will not be set aside when there is a substantial conflict in the evidence, the order should not be disturbed.

But appellant claims that the motion was not granted because the evidence did not support the verdict but because the trial court in passing on the motion said, "the sole question arising on this motion necessary to be considered is, Was there a delivery of the goods by the plaintiff and an acceptance of the same by the defendant?"

The defendant had, however, made its grounds of motion on other points as well, and the trial judge had no right to limit the grounds, and, indeed, the judge seems to have come to that conclusion, but he says at the end of his opinion, "For these reasons, as well as others not here adverted to," etc.

In *Churchill* v. *Flournoy,* 127 Cal. 362, [59 Pac. 791], it was held that "this court is not confined to the ground on which the court below placed its order, for, as was said in *Kauffman* v. *Maier,* 94 Cal. 269, [29 Pac. 481], the court below 'cannot by stating in its order (and, we may add, or in its opinion) that the motion is granted upon one ground only, and denied upon the others, deprive the other party of the right to a review by this court of the entire record.' " (See *Houghton* v. *Market-Street Ry. Co., ante,* p. 576, [82 Pac. 972], No. 53, decided by first district court of appeal, September 15, 1905.)

The order is affirmed.

McLaughlin, J., and Chipman, P. J., concurred.