[Civ. No. 1387.   Second Appellate District.—August 1, 1913.]

## MONT D. SHILLING, Respondent, v. WILLIAM DODGE, Appellant.

NEW TRIAL—DUTY OF TRIAL JUDGE TO GRANT—CONFLICTING EVIDENCE.—
It is the duty of the judge of a trial court to grant a new trial
whenever he is not satisfied with the verdict, if tried by a jury, or
with the findings, if tried by the court; and he is not bound by the
rule as to conflicting evidence, as is an appellate court.

ID.—DISCRETION OF TRIAL JUDGE—PRESUMPTION ON APPEAL.—The
motion for a new trial is addressed to the sound discretion of the
trial judge, and under a general order granting a new trial, the
appellate court must assume that in granting it he was satisfied that
the verdict was contrary to the weight of the evidence.

APPEAL from an order of the Superior Court of Los
Angeles County granting a motion for a new trial.   John G.
Covert, Judge presiding.

The facts are stated in the opinion of the court.

Edwin A. Meserve, and Shirley E. Meserve, for Appellant.

Flint, Gray & Barker, for Respondent.

SHAW, J.—Action for damages for personal injuries al-
leged to have been caused through the negligence of defend-
ant.

The case was tried by a jury which rendered a verdict in
favor of defendant.   Judgment followed in accordance there-
with.   Plaintiff moved for a new trial upon the ground,
among others, of insufficiency of evidence to justify the ver-
dict.   An order in general terms was made granting the
motion, from which defendant prosecutes this appeal.

As we view the case under this general order it is unneces-
sary to consider other specifications of error than those of
insufficiency of evidence to justify the verdict.   (*Churchill*
v. *Flournoy*, 127 Cal. 355, 59 Pac. 791].)

The facts briefly stated are: That defendant was driving an
automobile in a southerly direction upon Fair Oaks Avenue
in the city of Pasadena, closely following a few feet immedi-

ately back of another automobile driven in the same direction by Mr. Blasing. Upon seeing the plaintiff upon the west side of the street, Blasing asked plaintiff if he was going down town and receiving an affirmative answer stopped his car, at which time plaintiff stepped into the street, intending to reach the left front seat by going around the back of Blasing's car. When he reached the rear thereof he was struck by defendant's car and crushed between that and the rear of the Blasing car, receiving the injuries upon which his claim for damages is based. Reference to the specifications of error shows that the motion was based upon the claim that the evidence was insufficient to prove negligence on the part of plaintiff and that defendant was guilty of negligence, which negligence constituted the proximate cause of the injury to plaintiff. As usual in such cases, there was a conflict of evidence touching these questions, and it may be conceded that a verdict or finding of the court based thereon would not be disturbed by an appellate court, whether in favor of plaintiff or defendant. The trial court, however, is not bound by this rule. "It is the duty of the judge of the trial court to grant the new trial whenever he is not satisfied with the verdict, if tried by a jury, or with the findings, if tried by the court; and he is not bound by the rule as to conflicting evidence, as is this court." (*Condee* v. *Gyger,* 126 Cal. 546, [59 Pac. 26]; *Churchill* v. *Flournoy,* 127 Cal. 355, [59 Pac. 791].) The motion for the new trial was addressed to the sound discretion of the trial judge, and under this general order, we must assume that in granting it he was satisfied that the verdict of the jury rendered in favor of defendant was contrary to the weight of the evidence. (See, also, *Byxbee* v. *Dewey,* 128 Cal. 322, [60 Pac. 847]; *Estate of Motz,* 136 Cal. 560, [69 Pac. 294].)

The appeal is without merit, and the order is affirmed.

Allen, P. J., and James, J., concurred.