[Civ. No. 200. Fourth Appellate District.—December 7, 1931.]

ZURICH INSURANCE COMPANY (a Corporation) et al.,
Appellants, v. COACHELLA VALLEY HOME TELE-
PHONE & TELEGRAPH COMPANY (a Corporation),
Respondent.

J. L. Kearney, Richard Welsh, Jr., and A. H. Blum for Appellants.

Thomas C. Yager and A. Heber Winder for Respondents.

JENNINGS, J.—Plaintiffs appeal from an order granting defendant's motion for a new trial.

The action was instituted to recover damages for the wrongful death of Frank Darcy alleged to have been caused through the negligent maintenance by defendant of certain telephone wires. Defendant's answer denied any negligence on its part in the maintenance of the telephone wires and in addition alleged that the proximate cause of the injuries which resulted in the death of Frank Darcy was the negligence of the deceased.

The evidence produced during the trial showed that on July 13, 1928, Frank Darcy was riding upon a load of hay which was being conveyed on a truck along a certain public highway in Riverside County. The load of hay was eight bales in height and deceased sat on one of the topmost bales at the rear end of the truck facing in the direction opposite to that in which the truck was proceeding. The bale of hay on which Darcy sat was sixteen feet two inches from the surface of the highway. As the truck approached an intersection of the highway with another road certain telephone wires extended diagonally across the highway. These wires were the property of defendant and comprised part of its equipment. As the truck approached the intersection and was about to pass under some of the wires a Mexican who was also sitting on the load of hay nearer to the front part of it than was Darcy, called out a warning and Darcy leaned over until the danger of being struck by the wires was past. He then resumed his former position sitting upright on the topmost bale of hay looking toward the rear of the truck. A few minutes later other wires were encountered. The Mexican again shouted a warning. Darcy turned his head and was struck by a wire

which swept him from the load of hay to the ground below, where he fell beneath the wheels of a trailer heavily loaded with hay and was instantly killed. The wire which came in contact with the deceased was the lower of two wires extending across the highway and it was approximately nineteen feet from the crown of the highway.

The case was tried before a jury, which returned a verdict of $15,000 damages in favor of plaintiffs and judgment was entered accordingly.

Defendant's motion for a new trial was based on three grounds: (1) Excessive damages, (2) insufficiency of the evidence to justify the verdict and that the verdict was contrary to law and (3) errors in law occurring at the trial and excepted to by the defendant. The court's order granting the motion specified that it was granted on the ground that the evidence was insufficient to justify the verdict.

It is the rule that a motion for a new trial upon the ground of the insufficiency of the evidence to sustain the verdict and judgment is addressed to the sound discretion of the trial court and that its order will not be disturbed on appeal except in a clear case of the abuse of such discretion (*Cookson* v. *Fitch,* 116 Cal. App. 544 [3 Pac. (2d) 27]). In considering the question of the correctness of the order, the presumption on appeal is in favor of the order and against the verdict (*Wulbern* v. *Gilroy Express,* 116 Cal. App. 222 [2 Pac. (2d) 508]; *Roberts* v. *Southern Pac. Co.,* 54 Cal. App. 315 [201 Pac. 958, 959]; *Marr* v. *Whistler,* 49 Cal. App. 364 [193 Pac. 600]). That the foregoing principles are well established is not questioned by appellants. They, however, contend that, with respect to the negligence of respondent, no conflict in evidence is presented and urge that the uncontradicted evidence indicates that respondent was guilty of negligence in maintaining its telephone wires at so low a height above the surface of the highway that it should have been foreseen that persons riding upon loads of hay might be struck by such wires. Assuming, without deciding, that the contention of appellants in this regard is correct and that the uncontradicted evidence shows that respondent was negligent in the maintainance of its wires, it must be observed that the evidence was ample to warrant the jury in finding that the deceased was guilty of contributory negligence that was

the proximate cause of the accident which resulted in his death. The issue of contributory negligence presents a question of fact for the determination of a jury under proper instructions. It is not a question of law "save in those cases in which, judged in the light of common experience, there is a standard of prudence to which all persons similarly situated must conform" (*Roberts* v. *Southern Pac. Co., supra*). ▮ Bearing in mind the wide discretion permitted to the trial court in passing upon a motion for a new trial and in view of the conduct of the deceased, in sitting upright upon the topmost bale of a high load of hay, sixteen feet and two inches from the surface of the highway, looking not towards the front of the truck, the direction from which danger might be anticipated, but keeping his gaze fixed upon the trailer attached to the rear of the truck upon which he was riding, resuming the same upright sitting position immediately after undergoing a narrow escape from being struck by a wire and continuing to look to the rear in spite of this experience which should have brought most forcibly to his mind the probability that other wires might be encountered, we must assume that the trial court was satisfied that the verdict of the jury in favor of appellants was contrary to the weight of the evidence (*Work* v. *Whittington,* 61 Cal. App. 302 [214. Pac. 474]; *Roberts* v. *Southern Pac. Co., supra; Shilling* v. *Dodge,* 22 Cal. App. 517 [135 Pac. 299]). The facts hereinabove narrated afford ample justification for the court's action in making the order from which this appeal is taken.

The order granting the motion for a new trial herein is therefore affirmed.

Barnard, P. J., and Marks, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 6, 1932.