[Civ. No. 8836. Second Appellate District, Division One.—February 8, 1935.]

ALICE BAKURJIAN, a Minor, etc., Respondent, v. W. B. PUGH, Appellant.

George P. Kinkle and John S. Hunt for Appellant.

Derthick, Cusack & Ganahl for Respondent.

ROTH, J., *pro tem.*—Plaintiff and respondent received injuries in an automobile accident, consisting of a sprain of the left shoulder, a laceration of the left upper lip, laceration of the palmar surface of the right little finger, a laceration of the left forearm, a laceration of the right forearm, swelling and discoloration of the left knee and left eye. Some of the testimony indicated that the scars from the lacerations are permanent and that at the time of the trial there was still some disability in the injured finger. A jury awarded her a verdict of $500. Judgment having been entered on the verdict, she made a motion for a new trial on the following grounds:

1. Irregularity of the proceedings which prevented a fair trial.

2. The jury in awarding damages were under the influence of passion and prejudice.

3. The evidence is insufficient to justify the verdict.

4. The verdict is against the law.

5. Errors of law occurring at the trial.

Upon hearing the motion the court, eliminating the unimportant recitals, caused the following order to be entered in the minutes: " . . . Said motion is by the court granted."

Appellant—defendant in the trial court—appeals from the order. No affidavits were filed in support of the motion.

Appellant asserts, and it is not denied by respondent, that the only point raised upon argument of the motion was that the damages awarded were grossly inadequate. The record, other than the ground stated in the notice of intention, discloses nothing in this regard, but even if the assertion of appellant is true, it is settled law that the order would be sustained if it could be sustained on any of the grounds set forth in the notice of motion, unless for some reason such ground cannot be considered.

The first ground urged cannot be considered because there are no affidavits in support of it. (Code Civ. Proc., sec. 658.)

The second ground cannot be considered, because it has been held that subdivision 5, section 657 of the Code of Civil Procedure, which provides as one of the grounds for new trial "excessive damages, appearing to have been given under the influence of passion and prejudice", does not apply to a situation in which inadequate damages may have been given. In *Benjamin* v. *Stewart*, 61 Cal. 605, at page 608, the court says: "Section 657 provides that a new trial may be granted for the cause of 'excessive damages, appearing to have been given under the influence of passion or prejudice'. But there is no provision which authorizes the setting aside of a finding because of the 'passion or prejudice' of a jury, exhibited by the rendition of a verdict for insufficient damages; and as the whole matter is statutory, the last is not proper as an independent ground for setting aside a verdict." To this same effect see *Lambert* v. *Kamp*, 101 Cal. App. 388 [281 Pac. 690].

The third ground cannot be considered because the minute order granting the motion does not specify it as one of the grounds upon which the motion was granted. (Code Civ. Proc., last paragraph of sec. 657.) The order then, if it is to be sustained, will have to be sustained upon either or both of grounds four and five.

The authorities submitted by respondent reiterate the thoroughly established doctrine that "It is the rule that a motion for a new trial upon the ground of insufficiency of the evidence to sustain the verdict and judgment is addressed to the sound discretion of the trial court, and that its order will not be disturbed on appeal except in a clear case of the abuse of such discretion." (*Zurich Ins. Co.* v.

*Home Tel. etc. Co.*, 119 Cal. App. 65 [5 Pac. (2d) 943].)
We are not concerned with this rule, because, as already
pointed out, insufficiency of the evidence to sustain the ver-
dict and judgment cannot be considered, since the order was
not made upon that ground.

■ In order to determine whether any errors of law
occurred at the trial, a complete examination of the entire
record has been made. The reporter's transcript contains
none of the instructions given to the jury, and none are
called to our attention. Neither is there a claim on either
side that any given were erroneous, nor that any refused
were improperly refused. The record discloses rulings on
questions of evidence resulting from objections and motions
on both sides. These objections and motions were for the
most part on matters of conclusions, argument, leading ques-
tions and hearsay. They are all substantially correct. If
any latitude in these rulings was granted by the court, such
latitude was in respondent's favor. In short, we find noth-
ing in the record and exactly nothing in the record has been
called to our attention to justify the order on the fifth
ground.

■ Since the only reason indicated for the action of the
court is that the damages were grossly inadequate, the sole
remaining question is: Can the alleged inadequacy of the
damages be urged or reviewed on the only remaining ground
which was listed in the notice of intention to move for a
new trial, to wit: That the verdict is against the law.

It is settled that inadequacy of damages is sufficient cause
for granting a new trial (*Phillips* v. *Lyon*, 109 Cal. App.
264, 268 [292 Pac. 711]); but it seems to be just as thor-
oughly settled that if granted for that reason, the order
granting same must be placed upon the ground of the in-
sufficiency of the evidence, and it is trite law that when a
motion for a new trial is granted for that reason, the order
must say so. In *Phillips* v. *Lyon, supra,* at page 268, the
court says: "While a court may not set aside a verdict and
grant a new trial merely because the judge does not agree
with the amount of the award of damages, where it is so
grossly inadequate or excessive as to leave no reasonable
doubt that the verdict is the result of passion or prejudice
or that it is contrary to the evidence and constitutes a clear
abuse of the discretion of the jury, a new trial should be

granted for the reason that the award of damages is not justified by the evidence. . . . ''

In *Lambert* v. *Kamp, supra,* pages 390, 391, the court says: ''On the other hand, it is well settled that an inadequate recovery may be set aside and a new trial granted on the ground that the evidence does not justify the verdict.'' The soundness of this rule is demonstrated by the fact that the inherent character of a complaint that damages are grossly inadequate requires a complete review by the trial court of the evidence, not only with reference to the issue of damages, but with reference also to the liability of the respective parties. Thus in the Lambert case, *supra,* at page 392, the court says: ''Appellant's right to recover anything at all from respondents depended primarily upon his being able to prove by a preponderance of the evidence that respondent . . . was guilty of some negligent act or omission. . . . The amount of damages resulting from the injury is a secondary matter and need not be considered at all unless negligence be proven. Therefore, in considering the merits of a motion for a new trial based on insufficiency of the evidence, in order to determine whether or not the moving party has just cause to complain of having received too little at the hands of a jury, the trial court should first determine from an examination of the evidence whether the complaining party was entitled to recover anything at all.''

Since a review of the evidence to determine liability in the first instance is a condition precedent to a decision on the question of adequate damages, it is logical that the sufficiency of the evidence to support the verdict is and should be the ground urged to reach a complaint that damages are grossly inadequate. The order, however, does not as it must under the law specify insufficiency of the evidence as one of the grounds upon which it was granted.

The order is reversed.

Conrey, P. J., and York, J., concurred.