[Civ. No. 26335.   Second Dist., Div. Four.   Dec. 12, 1962.]

THE TRAUB COMPANY, Plaintiff, Cross-Defendant and Respondent, v. COFFEE BREAK SERVICE, INC., et al., Defendants, Cross-Complainants and Appellants.

Milton Zerin for Defendants, Cross-Complainants and Appellants.

Beardsley, Hufstedler & Kemble, Seth M. Hufstedler and John Sobieski, for Plaintiff, Cross-Defendant and Respondent.

BURKE, J.—Plaintiff brought an action to set aside the purchase of a business on the ground of fraud. Defendants denied the fraud and cross-complained for the balance due on the purchase price which was represented by a promissory note. The trial court, sitting without a jury, gave judgment for defendants and cross-complainants, finding that the alleged misrepresentations of fact had not been shown to have been made by the preponderance of evidence. The court granted plaintiff's motion for new trial and defendants appeal therefrom.

Defendants Nat Krupp and Morton W. Smith were owners of all the stock of Coffee Break Service, Inc., which operated a coffee distribution business. The Traub Company purchased the entire business for the sum of $58,300 with a down payment of $24,300 and the balance of $34,000 represented by a promissory note.

In support of their action to set aside the purchase and as a defense to a cross-complaint on the promissory note, plaintiff contended that defendants represented that the business as operated at the time of the sale was earning net profits of $40,000 per year; that it had never been offered to anyone for sale; that all its equipment complied with the codes and regulations promulgated by the City of Los Angeles; that it required no night work and that obtaining help would be no problem. Defendants denied that they had made any false representations and contended plaintiff made an independent investigation and relied thereon.

In its memorandum of decision following trial on the merits the court stated:

"Although at some points Mr. Traub testified positively as to the making of the representation [concerning the annual net profits of the business], when said portions are examined in the context of the testimony as a whole . . . and the admission in the deposition, the evidence does not preponderate that the representation was made."

In arguing the motion for new trial, plaintiff contended there was no admission in Mr. Traub's deposition, and it was pointed out that the trial court had apparently overlooked the uncontradicted testimony of two other witnesses concerning the making of the false representation. The trial court granted the motion for new trial on the express ground of "insufficiency of the evidence to justify the decision."

Defendants contend on appeal that the trial court abused its discretion in granting the motion for new trial. The argu-

ment offered in support of this contention is simply that there was ample evidence to support the original judgment of the trial court, and such evidence preponderates in favor of defendants. It is not necessary to set forth in detail all of the evidence which was before the trial court in order to answer this contention. It is sufficient to point out that the trial court's original finding and judgment were based upon conflicting testimony in reference to the making of the alleged false representations.

The rule applicable to the scope of review to be exercised by appellate courts should not be confused with the rule applicable to the trial court's discretion to grant a new trial. ██ ██ So long as there is some substantial evidence to support a judgment, the question of the sufficiency of the evidence cannot be relitigated on appeal; while, on the other hand, the trial court has the power and the duty to grant a new trial whenever it is satisfied that the original findings and judgment were not supported by sufficient evidence. (*Condee* v. *Gyger,* 126 Cal. 546 [59 P. 26]; *Churchill* v. *Flournoy,* 127 Cal. 355, 362 [59 P. 791].) ██ On appeal from an order granting a new trial, all presumptions favor the order, not the original judgment. (*Yarrow* v. *State of California,* 53 Cal.2d 427, 434 [2 Cal.Rptr. 137, 348 P.2d 687].) ██ The reviewing court cannot reverse the order granting a new trial on the grounds of insufficiency of the evidence so long as there is some substantial evidence to support a contrary judgment. (*Ballard* v. *Pacific Greyhound Lines,* 28 Cal.2d 357, 359 [170 P.2d 465].)

It is clear that there was conflicting testimony in reference to the making of the alleged misrepresentation, and that there was some substantial evidence to support a contrary judgment which the trial court obviously relied upon in granting the motion for new trial.

The order is affirmed.

Jefferson, J., and Ford, J.,* concurred.

---

*Assigned by Chairman of Judicial Council.