[Civ. No. 27732.    Second Dist., Div. One.    June 8, 1964.]

STATE INDUSTRIES, INC., Plaintiff and Appellant, v. CAPITOL METALS CO., Defendant and Respondent.

James C. R. McCall for Plaintiff and Appellant.

Joe Orloff for Defendant and Respondent.

FOURT, Acting P. J.—State Industries, Inc. (hereinafter referred to as "State") appeals from an order granting a new trial in an action for conversion after the case was tried by the court sitting without a jury. Judgment in favor of State was entered April 4, 1963. Subsequently, by the minute order entered May 8, 1963, the motion of Capitol Metals Co., Inc. (hereinafter referred to as "Capitol") for a new trial was "granted on the grounds of insufficiency of the evidence and error of law."

The chronology of events is as follows:

On July 7, 1958, State filed a complaint for moneys due naming S. C. Redman (hereinafter referred to as "Redman") and "Doe I to Doe V inclusive" as defendants. The first cause of action was cast in the form of a common count of moneys had and received. The second cause of action was for conversion of certain steel.

On April 11, 1960, State filed an amendment to complaint (under Code Civ. Proc., § 474), naming Capitol as a defendant in the place and stead of Doe I.

Redman filed his answer on April 25, 1960. Capitol filed its answer the same date.

The pretrial conference order was filed January 4, 1963. The issues were set forth therein[1] and a joint pretrial statement of the parties was expressly incorporated by reference. After a trial by the court sitting without a jury, findings of fact and conclusions of law were filed April 3, 1963,[2] and judgment in favor of State was entered April 4, 1963. Cap-

[1]The following issues were set forth:

"1. Whether plaintiff sold the steel to defendant Redman.

"2. Whether the defendants converted the steel to their own use.

"3. What was the value of the steel which they converted?

"4. What money did the defendants receive from the sale of plaintiff's steel?

"5. Whether Ferrera was acting as an authorized agent for plaintiff in selling and delivering the steel to defendant Redman.

"6. Whether the steel sold by Redman to Capitol Metals was a part of the steel bought by Redman from Ferrera.

"7. Whether Capitol's activity caused plaintiff to suffer any damage.

"8. Whether Code of Civil Procedure section 339 is applicable to any part of plaintiff's action."

[2]The Findings of Fact and Conclusions of Law provide as follows in pertinent part:

"FINDINGS OF FACT:

"1. That the First Cause of Action in the complaint . . . was abandoned and withdrawn by the plaintiff during the trial.

"2. . . . that between July 6, 1956 and July 17, 1956 . . . Redman had possession of and converted to his own use, without authorization from plaintiff, steel described in the complaint belonging to the plaintiff of the value of $7,017.75 at the time and place of such conversion; and that between the same dates defendant Capitol . . . had possession of and converted to its own use, without authority from plaintiff, a part of the same steel, having a value of $4,896.00 at the time and place of such conversion. And that plaintiff was damaged in said amounts by the respective defendants.

"3. That plaintiff commenced this action against both defendants on July 7, 1958, suing defendant Capitol . . . by the fictitious name of Doe I, and on April 11, 1960, by order of the court, amended the complaint by inserting the true name of said defendant in the complaint, to which said defendant filed its answer on or about April 21, 1960 [sic].

"4. That Robert L. Ferrera, an employee of plaintiff, who delivered plaintiff's said steel to defendant . . . Redman, was not acting as an authorized agent for plaintiff in selling or so delivering the same.

"CONCLUSIONS OF LAW

" . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"1. That the Second Cause of Action in plaintiff's complaint . . . is not barred as to either defendant by either section 338 or section 339 of the Code of Civil Procedure.

"2. That plaintiff is entitled, pursuant to section 3336 of the Civil Code: (1) To judgment for damages against defendant . . . Redman in

itol's notice of intention to move for new trial was filed April 16, 1963.[3]

The minute order granting Capitol's motion was entered May 8, 1963, and the within appeal follows.

What is stated in the *Traub Co.* v. *Coffee Break Service, Inc.*, 210 Cal.App.2d 711, 713 [27 Cal.Rptr. 79] is apposite when "insufficiency of the evidence" constitutes a ground for granting a motion for new trial:

"The rule applicable to the scope of review to be exercised by appellate courts should not be confused with the rule applicable to the trial court's discretion to grant a new trial. So long as there is some substantial evidence to support a judgment, the question of the sufficiency of the evidence cannot be relitigated on appeal; while, on the other hand, the trial court has the power and the duty to grant a new trial whenever it is satisfied that the original findings and judgment were not supported by sufficient evidence. (*Condee* v. *Gyger*, 126 Cal. 546 [59 P. 26]; *Churchill* v. *Flournoy*, 127 Cal. 355, 362 [59 P. 791].) On appeal from an order granting a new trial, all presumptions favor the order, not the original judgment. (*Yarrow* v. *State of California*, 53 Cal.2d 427, 434 [2 Cal.Rptr. 137, 348 P.2d 687].) The reviewing court cannot reverse the order granting a new trial on the grounds of insufficiency of the evidence so long as there is some substantial evidence to support a contrary judgment. (*Ballard* v. *Pacific Greyhound Lines*, 28 Cal.2d 357, 359 [170 P.2d 465].)" (See *Prout* v. *Perkins*, 21 Cal. App.2d 343 [69 P.2d 194].)

In weighing the evidence the trial court is at liberty to disregard part of a witness's testimony and give credence to other parts. (*Runyan* v. *Semmens*, 212 Cal.App.2d 102 [27 Cal.Rptr. 683]; *Ganahl* v. *Certain Individuals*, 204 Cal.App. 2d 571 [22 Cal.Rptr. 520].)

---

the sum of $7,017.75 plus interest on said sum at the rate of 7% per annum from July 17, 1956, to date of judgment; (2) to judgment for damages against defendant Capitol ... for the sum of $4,896.00 plus interest on said sum at the rate of 7% per annum from July 17, 1956, to date of judgment; and (3) to judgment against both said defendants for plaintiff's costs.''

[3]Capitol's notice of intention to move for new trial indicated that Capitol was basing its motion upon the grounds of ''(1) Insufficiency of the evidence to justify the decision and judgment. (2) Said Judgment is against law. (3) Error in law occurring at the trial and excepted to by the defendant Capitol....''

■ The trial court did not abuse its discretion in granting the new trial. As an example, there is substantial evidence in the record from which the trial court could determine that the steel sold by defendant Redman to defendant Capitol was not the same steel which was delivered by Ferrera to Redman. There was a disparity in the weight of the steel delivered by Ferrera to Redman and that sold by Redman to Capitol.

While it is clear that if the trial court chose to resolve conflicts in evidence in favor of State, there would be substantial evidence in the record to have supported a judgment in favor of State, it is equally true that the resolution of conflicts in favor of Capitol gives evidentiary support to the trial court's action in granting the new trial. ■ In granting a new trial the court is not bound to its prior view of the evidence. (*Churchill* v. *Flournoy,* 127 Cal. 355, 362 [59 P. 791].) All presumptions favor the order granting the new trial and not the original judgment. (*Yarrow* v. *State of California,* 53 Cal.2d 427 [2 Cal.Rptr. 137, 348 P.2d 687].)

No useful purpose would be served in extending this opinion with a discussion as to whether the trial court erred in also granting Capitol's motion for new trial on the ground of "error of law" since the order is supportable on the ground of insufficiency of evidence.

The order is affirmed.

Lillie, J., and Kincaid, J. pro tem.,* concurred.

---

*Retired judge of the superior court sitting pro tempore under assignment by the Chairman of the Judicial Council.