[Civ. No. 91.  First Appellate District.—November 25, 1905.]

## CHARLES H. CLARK et al., Respondents, v. J. J. RAUER, Appellant.

ORDER GRANTING NEW TRIAL—PRESUMPTION UPON APPEAL.—Upon appeal from an order granting a new trial, all presumptions are in favor of the order, and unless it is shown to the contrary, it will be presumed that the order was made upon some valid reason.

ID.—STATEMENT ON MOTION FOR NEW TRIAL—LACK OF SPECIFICATIONS—AMENDMENT—DISCRETION.—Where the statement on motion for a new trial contained no specifications of error, or of particulars wherein the evidence was insufficient, the court properly exercised its discretion in allowing the statement to be amended by inserting the same, so that the motion might be presented on its merits.

ID.—SPECIFICATION OF INSUFFICIENCY OF THE EVIDENCE—FINDINGS HELD UNSUPPORTED — NEGLECT OF APPELLANT. — Where the amended specifications of insufficiency of the evidence to support the findings are sufficient under the liberal rule allowed by this court, and the trial court has held them unsupported, by granting a new trial, and the appellant has not pointed out the evidence that tends to support them, it is not the duty of this court to look through a mass of evidence for the purpose of finding sufficient evidence to overthrow the ruling of the trial court.

APPEAL from an order of the Superior Court of the City and County of San Francisco, granting a new trial. J. M. Troutt, Judge.

The facts are stated in the opinion of the court.

I. F. Chapman, for Appellant.

Macks & Tomsky, for Respondents.

COOPER, J.—This appeal is from an order granting the motion of plaintiffs for a new trial. In such case all presumptions are in favor of the order, and, unless it is shown to the contrary, we will presume that the order was made upon some valid reason.

Appellant states that the motion for a new trial was argued in October, 1902, and his "contention there was that respondents' motion should be denied on the ground that the statement on motion for a new trial contained no specifications of error, or particulars wherein the evidence was in-

sufficient to justify the decision." The court, however, permitted the respondents to amend their statement by inserting such specifications and particulars. The court did not abuse its discretion in allowing the statement to be so amended. It was proper and right for the court to allow the amendment, so that the motion might be presented on its merits. (*In re Lamb,* 95 Cal. 408, [30 Pac. 568].) The specifications as amended are sufficient under the liberal rule now allowed in this court. It is specified "that there has been no evidence introduced at the trial of this cause tending to show that the plaintiffs were injured by any acts of the defendant, or that the plaintiff has sustained any loss by reason of any act of the defendant." Appellant has not pointed out the evidence that tends to support the findings in this regard. It is not the duty of this court, when a finding is attacked and the court below has held it without support, to look through a mass of evidence for the purpose of finding sufficient to overthrow the ruling of the trial court.

The complaint alleges two different causes of action. It is alleged in each that in April, 1899, the defendant, on a claim belonging to plaintiffs and assigned to defendant for collection only, obtained a judgment against James Roundtree and M. E. Roundtree for $350.55, with interest from date of judgment. The first cause of action alleges that the defendant, without the consent of plaintiffs, compromised and settled said judgment and caused it to be satisfied of record; that plaintiffs have received no part of said judgment, and the same has been lost to them, to their damage in the sum of $350.55. It is not alleged what amount was paid to defendant by way of compromise, if anything, nor that the judgment was of any value. Our attention is not called to any evidence as to these matters, or showing any damage to plaintiffs. The second cause of action alleges that defendant received the sum of $350.55 on said judgment, and has not paid the same to plaintiffs, nor any part thereof. There is no claim that any evidence was introduced to sustain this latter cause of action.

It follows that the order must be affirmed, and it is so ordered.

Harrison, P. J., and Hall, J., concurred.