[Civ. No. 3789. Second Appellate District, Division Two.—March 8, 1923.]

## GEORGE E. WORK, Respondent, v. W. WHITTINGTON et al., Appellants.

[1] NEW TRIAL—GROUNDS—INSUFFICIENCY OF EVIDENCE TO "WARRANT" VERDICT—SUFFICIENCY OF SPECIFICATION.—Plaintiff's motion for a new trial having been made upon all the statutory grounds, and the court's minutes having stated that the motion was granted on the ground of the insufficiency of the evidence to "warrant" the verdict, that was equivalent to specifying, as the ground of the order, the insufficiency of the evidence to "sustain" the verdict, within the purview of the concluding provision of section 657 of the Code of Civil Procedure.

[2] ID.—DISCRETION OF TRIAL COURT—CONFLICT IN EVIDENCE—APPEAL. The granting or refusing of a new trial is a matter largely within the discretion of the trial court, and if there is any appreciable conflict in the evidence the action of the trial court in granting a new trial is not open to review on appeal.

[3] ID.—WEIGHT OF EVIDENCE—PROVINCE OF TRIAL COURT.—Even in cases where there may not appear to be a conflict in the evidence, and where all the proof seems to be favorable to one or the other of the parties litigant, the question as to the probative force or the evidentiary value of the testimony is one the determination of which is with the trial court in a proceeding on a motion for new trial, where, as in this case, one of the grounds is the insufficiency of the evidence to justify the verdict.

[4] ID.—INSUFFICIENCY OF EVIDENCE — APPEAL — PRESUMPTION.—The motion for a new trial having been upon all the statutory grounds and having been addressed to the sound discretion of the trial court, the appellate court was bound to assume that in granting the motion the court was satisfied that the verdict was against the weight of the evidence.

APPEAL from an order of the Superior Court of Tulare County granting a new trial. J. A. Allen, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. P. Thompson for Appellants.

Power & McFadzean for Respondent.

FINLAYSON, P. J.—This is an appeal from an order granting plaintiff a new trial in an action tried by a jury.

Plaintiff, the holder of two promissory notes executed by defendants as the makers and indorsed by the payee, brought the action to recover on the notes. He claimed that they had been indorsed and delivered to him before maturity, in due course, and without notice to him of any infirmity in them, and that he paid full value therefor. Wherefore he claimed that he was entitled to recover regardless of any fraud which the payee may have practiced upon these defendants.

[1] Plaintiff's motion for a new trial was made upon all of the statutory grounds. The court's minutes state that it was granted on the ground of the "insufficiency of the evidence to *warrant* the verdict." This, we think, is equivalent to specifying, as the ground of the order, the insufficiency of the evidence to "sustain" the verdict, within the purview of the concluding provision of section 657 of the Code of Civil Procedure.

[2] If there is any appreciable conflict in the evidence the action of the trial court in granting a new trial is not open to review here. The granting or refusing of a new trial is a matter largely within the discretion of the trial court, and it is only when that discretion has been abused that the appellate court will reverse the order. (*Merralls* v. *Southern Pac. Co.*, 182 Cal. 19, 22 [186 Pac. 778].)

[3] Even in cases where there may not appear to be a conflict in the evidence, and where all the proofs seem to be favorable to one or the other of the parties litigant, the question as to the probative force or the evidentiary value of the testimony is one the determination of which is with the trial court in a proceeding on a motion for new trial, where, as here, one of the grounds is the insufficiency of the evidence to justify the verdict. (*Otten* v. *Spreckels*, 24 Cal. App. 251, 257 [141 Pac. 224].)

[4] We can perceive no ground for the contention that the trial court abused its discretion in granting a new trial. The motion was addressed to the sound discretion of that court, and we must assume that in granting it the court was satisfied that the verdict was against the weight of the

evidence.  (*Shilling* v. *Dodge*, 22 Cal. App. 517 [135 Pac. 299].)

The order is affirmed.

Works, J., and Craig, J., concurred.