[Civ. No. 8495. Second Appellate District, Division Two.—August 8, 1934.]

ETHEL M. LEWIS, Respondent, v. EUGENE J. MEMMLER, Appellant.

Lasher B. Gallagher for Appellant.

Harry D. Parker for Respondent.

SCOTT, J., *pro tem.*—This is an appeal by defendant Memmler from an order granting motion for new trial after judgment for defendants. Plaintiff sued to recover damages for personal injuries sustained when she was struck by appellant's automobile. She had been riding in a car driven by a friend, and when they approached plaintiff's residence the driver abruptly crossed the street and drew up in front of the house, with the left side of the car next to the curb. Plaintiff got out into the street from the right and was about two steps away from the car when she was hit by

appellant's machine, which had been diverted from its course by collision with the car of co-defendant Hansen.

Upon the first trial of the case the jury returned a verdict for defendants and the court granted a motion for new trial on the ground of insufficiency of evidence to justify the verdict. On retrial the jury again returned verdict for defendants and the trial court granted motion for new trial "on all the grounds set forth in the plaintiff's notice of intention to move for a new trial, and particularly on the ground of the insufficiency of the evidence to sustain the verdict". The grounds stated in the motion were in substance the matters set out in section 657 of the Code of Civil Procedure.

Appellant contends that the court erred in granting respondent's motion for new trial because (1) respondent "had voluntarily and without objection allowed herself to be placed in a position of peril by a violation of law except for which she would not have been injured", and because (2) "there was substantial evidence of due care on the part of this appellant".

In support of the first point appellant asserts that the driver of the car in which respondent was riding violated the law in pulling up to the left curb, that respondent by consenting to his doing so became chargeable with his misconduct, that she was guilty of a further breach of the law in getting out of the car into the street, and that such violation of law by her was negligence *per se*. There is nothing in the record to indicate that an opportunity was afforded respondent to protest against the driver's action in crossing the road. It is apparent that the direction in which that car was facing, having come to a full stop, had nothing to do with the accident. It is also clear, or at the most it is a matter of conflicting evidence, that respondent, under the conditions as she saw them when she alighted and before she was struck, violated no law and did nothing which a reasonable and prudent person would not have done, and her conduct could not be said to have been negligent as a matter of law.

Viewing the testimony in the light most favorable to appellant's position, it must be said that there was a conflict in the testimony which would have fully justified the court in holding that appellant was guilty of negligence which was

a proximate cause of the accident and of the injuries complained of by respondent. Appellant entered a blind intersection at a rate of speed which he admitted was in excess of that allowed by law, and which other witnesses declared was far more rapid, collided with the car of co-defendant Hansen and continued on and hit respondent. The granting of a new trial rests very largely in the trial court, and such an order will not be disturbed if it can be upheld upon any ground shown by the record. (*Smith* v. *Royer*, 181 Cal. 165, 173 [183 Pac. 660].) The motion was addressed to the sound discretion of the court, and it is only when that discretion has been abused that the appellate court will reverse the order. Since there is in this case an appreciable conflict in the evidence, the action of the trial court is not open to review. (*Work* v. *Whittington*, 61 Cal. App. 302 [214 Pac. 474].)

Order affirmed.

Craig, Acting P. J., and Desmond, J., concurred.