[Civ. No. 10334. Second Appellate District, Division One.—April 28, 1936.]

HENRY PARKER et al., Appellants, v. WILLIAM M. BROWN et al., Defendants; ANDREW C. SNYDER et al., Respondents.

502

Ogden, Steelman & Crocker and Ogden & Steelman for Appellants.

Roger S. Page, Loeb, Walker & Loeb and Herman F. Selvin for Respondents.

THE COURT.—The complaint in this action is in two counts, one asking damages for breach of contract; the other seeking damages because of fraudulent representations inducing the execution thereof. The contract was between plaintiffs and the incorporated respondent, hereinafter referred to as "corporation". The individual respondents were connected with the corporation. H. T. James was president and sole stockholder. The specific capacity of Snyder is not called to our attention.

On the 23d of July and 10th of December, 1927, it is alleged in the first cause of action that two several contracts were entered into between appellants and corporation, wherein and whereby the corporation agreed in the first contract to furnish and deliver twenty motion picture films for exhibition in the Dutch East Indies, and in the second contract, six motion picture films for exhibit in Japan. Of these films, approximately 21 were delivered, and the breach is predicated upon corporation's failure to deliver the balance. The second cause of action is primarily predicated upon the falsity of the representations that the corporation owned the films, which it had failed to deliver in accordance with its contracts so to do, and that those films which were not delivered by corporation were not because the corporation did not at the time of the execution of the contracts, or at any time, own them or have the right to deliver them. In this latter cause of action, plaintiffs requested compensatory and punitive damages. During the course of the trial which was before a jury, a nonsuit was granted as to the individual respondents, and the case was concluded as to corporation alone, the jury bringing in a verdict against corporation for $1300 actual damages and $5,000 exemplary damages. Thereafter, motion for new trial was made which was granted on all grounds set forth in the notice of motion for new trial (which included all the statutory grounds), the order itself specifying insufficiency of the evidence as one of the grounds. The foregoing proceedings gave rise to two appeals, one from the order granting a new trial, and the other from the order granting a nonsuit on motion therefor by the individual respondents.

■ The order of nonsuit will be treated first. We accept appellants' contention that individuals who are parties to the consummation of a fraud are equally responsible with the person with whom a contract is made induced by such fraud. (*Stirnus* v. *Adams*, 50 Cal. App. 730 [195 Pac. 955].) Conceding, as we do, the soundness of this proposition, it follows that the liability of the individual respondents must be predicated upon evidence showing their participation in the fraud. Scrutinizing all the evidence called to our attention with the well-settled rules governing a trial court's power to grant nonsuit in mind, we find no such evidence. It follows that the order granting nonsuit as to the individual respondents was properly made.

■ We feel, too, that the order granting motion for new trial cannot be disturbed. All presumptions are in favor of such an order as against the verdict, and when one of the grounds specified by the trial court for the granting of such an order is insufficiency of the evidence, the order must be sustained, if there is an appreciable conflict in the evidence. Further, in order to determine whether the trial court was confronted with an appreciable conflict, it is not the amount of evidence on the one side or the other, but rather the probative value of the evidence that must be taken into consideration, and unless it affirmatively appears from the record that the trial court abused its discretion in accepting evidence of no apparent probative value as against evidence much more abundant, the trial court's discretion cannot be disturbed. (*Marr* v. *Whistler*, 49 Cal. App. 364, 370 [193 Pac. 600]; *Work* v. *Whittington*, 61 Cal. App. 302, 303 [214 Pac. 474]; *Rosenberg* v. *Moore & Co.*, 194 Cal. 392, 396 [229 Pac. 34]; *Clark* v. *Rauer*, 2 Cal. App. 259 [83 Pac. 291].) Further, it has been held that: "Even where the evidence is not conflicting and all the proof seems to be favorable to one or the other . . . the question of the probative force . . . of the testimony is nevertheless within the determination of the trial court in a proceeding on motion for a new trial." (*Dreyer* v. *Cyriacks*, 112 Cal. App. 279, 283 [297 Pac. 35].)

■ The record before us shows an appreciable conflict in the evidence. This in itself is sufficient to compel us to sustain the order. In addition the record shows errors of law occurring at the trial with reference to at least two instructions requested by appellants, one in which the court

erroneously told the jury that the burden of proof with reference to the issue of ownership shifted to the corporation (*Original M. & M. Co.* v. *San Joaquin etc. Corp.*, 220 Cal. 152, 163 [30 Pac. (2d) 47]), and another, in which the court instructed the jury on the recovery of prospective profits, there being no evidence of loss of such profits. (*Jones* v. *Goldtree Bros. Co.*, 142 Cal. 383, 386 [77 Pac. 939].) ■ The record also sustains the conclusion that the trial court felt that the implied findings of the jury as to the amount of compensatory damages suffered by plaintiffs and the amount of punitive damages corporation was required to pay were not warranted by the evidence. Since all presumptions are in favor of the regularity of the order (*Philbrook* v. *Randall*, 195 Cal. 95, 104 [231 Pac. 739]), and since we must presume that the court had the matter of damages in mind when it made its order, it follows that the trial court would have a right to grant a new trial on the question raised with respect to damages alone. (*Dreyer* v. *Cyriacks*, 112 Cal. App. 279, 283, 284 [297 Pac. 35].) We are satisfied that the order should be, and it is, hereby affirmed.