[Civ. No. 11807.   First Dist., Div. Two.   June 9, 1942.]

CHARLES D. STRICKLIN, Appellant, v. JAMES C. ROSE-MEYER et al., Respondents.

Maurice C. Ryan for Appellant.

Cyril Appel and Ivores R. Dains for Respondents.

DOOLING, J. pro tem.—Plaintiff received personal injuries as a result of being struck by a trolley bus operated by defendants. From a judgment for defendants entered pursuant to the verdict of a jury plaintiff prosecutes this appeal. The testimony was in sharp conflict as to the manner in which the collision resulting in plaintiff's injuries occurred. Plaintiff had parked his automobile in front of his home on the southerly side of Eighteenth Street in San Francisco between Douglass and Eureka Streets. While he was alighting from the left door of his automobile into the street the trolley bus which was proceeding easterly on Eighteenth Street struck him and his automobile.

The testimony most favorable to plaintiff was that the operator of the trolley bus was looking down making change for a passenger with the front doors of the trolley bus open and extending beyond the side of the bus and that the open doors first struck the rear of plaintiff's parked automobile and then grazed along its side striking plaintiff. Plaintiff had looked in his rear view mirror and seen no vehicle approaching, had looked out the left window of his automobile and likewise seen no vehicle. He then partly opened the left door, put one or both feet on the running board, leaned his head and shoulders out of the car to look for approaching traffic from the rear, saw the doors of the trolley bus almost instantly strike the rear of his automobile and a moment later was struck himself. It is undisputed that plaintiff had earlier, while making a U-turn at Douglass Street, seen the trolley bus and knew that it was proceeding generally in his direction on Eighteenth Street.

According to the evidence most favorable to defendants the trolley bus was passing plaintiff's parked car with a clearance of at least eighteen inches when plaintiff suddenly threw open the left door of his automobile, which when fully opened extended 22½ inches beyond the side of his automobile, and the front corner post of the trolley bus almost instantly struck the extended door.

The evidence was substantial to support either set of facts, and if plaintiff and his witnesses were believed by the jury a verdict in his favor would have found ample support in the evidence.

Defendants introduced in evidence a portion of section 20 of article III of the Traffic Code of the City and County of San Francisco reading as follows:

"It shall be unlawful for any person to be in any roadway other than a safety zone or crosswalk; provided that this provision shall not be construed to prevent the necessary use of a roadway by a pedestrian."

The court instructed the jury that: "It is the law that a violation of a statute or ordinance constitutes negligence as a matter of law."

Appellant among his instructions originally proposed included the following which the court refused to give:

"The plaintiff Charles Stricklin, is not to be charged with negligence merely because he alighted by the northerly door of his automobile. I instruct you that the standard of care required of the plaintiff in this action is ordinary care as will later be defined. It is the care an ordinary person of ordinary prudence would use under all the circumstances of the situation, and if you find that the plaintiff did use ordinary care in alighting from his automobile, I instruct you that the plaintiff had a right to alight therefrom by the northerly door."

After the jurors had retired to deliberate they returned to the courtroom seeking further instructions at which time the record shows the following colloquy:

"Juror John M. Nelson: I would like to ask one question: Is it against the law to walk out of the left side of the automobile?

"The Court: Well, I have given you all the instructions on that point that I feel apply to this case. I have given you instructions defining negligence and contributory negligence and I don't want to add anything further to what has been said on that."

Thereupon at the request of another juror the general instructions on contributory negligence were read to the jury and the jury retired. The case was not only close on the evidence but apparently close in the minds of the jurors since the verdict finally returned was shown upon the polling of the jury to have been reached by a vote of 9 to 3.

The question asked by the juror Nelson demonstrates that the members of the jury were concerned with the legal effect, if any, of the quoted section of the Traffic Code upon the conduct of the plaintiff in alighting from his car by the left door.

■ The questions thus presented are controlled by *Pipoly* v. *Benson,* 20 Cal. (2d) 366 [125 P. (2d) 482]. Under the authority of that decision section 20, article III of the San Francisco Traffic Code is invalid, and it was error to instruct the jury that a violation of its provisions would be negligence as a matter of law.

■ It was likewise error to refuse to give plaintiff's proposed instruction above quoted. Respondents' counsel argue that the instruction as proposed would have charged the jury on a question of fact. We cannot agree with this argument. Read as a whole the proposed instruction is a clear and correct statement of the law. It is not the law in California that a person is to be charged with negligence merely because he alights from the left door of an automobile into the street. (*Lewis* v. *Memmler,* 140 Cal. App. 364 [35 P. (2d) 406].) The test is whether in so doing he was or was not exercising ordinary care in view of all the existing facts. It was for the jury to determine whether a person of ordinary prudence situated as plaintiff was and knowing what he knew would have acted as he did. If plaintiff should be held guilty of negligence it would not be merely because he alighted by the left door, but because under all the circumstances then existing a person of ordinary prudence would not have done so. If in view of all the circumstances a person of ordinary prudence would have alighted by the left door and in the manner that plaintiff did then plaintiff had a right so to alight. This was the effect of the instruction proposed.

It is further urged that the proposed instruction ignores plaintiff's possible negligence before beginning to alight. The criticism is hypertechnical. "If you find that plaintiff did use ordinary care in alighting" would obviously include the observations that he made or did not make and the precautions that he took or did not take before beginning to alight. If he did not make the precedent observations that a man of ordinary prudence would have made, or take the precedent precautions that a man of ordinary prudence would have taken, then he did not use ordinary care in alighting from the automobile.

That the plaintiff was prejudiced by the errors discussed is obvious from the question of the juror Nelson above quoted and the closeness of the jurors' votes in arriving at their verdict.

■ It is clear that the jury might have found under the evidence that the plaintiff was not guilty of contributory negli-

gence. Taking the view of the evidence most favorable to plaintiff the jury could have found that plaintiff opened the door of his automobile just far enough to get his feet on the running board and leaned his head and shoulders out just far enough to look back for traffic approaching from his rear, including the trolley coach which struck him almost immediately while he was in that position. Such conduct obviously would not constitute contributory negligence as a matter of law. (*Murphy* v. *St. Claire Brewing Co.*, 41 Cal. App. (2d) 535, 539 [107 P. (2d) 273].)

The court gave the following instruction: "A trolley coach cannot go upon the street or highway except upon that part or portion of the street or highway where the trolleys attached to the coach can remain in contact with the overhead wires supplying the electric energy necessary to operate the coach, and hence it has the better right to that space or part of the highway where it must necessarily be operated, to which others must yield when necessary."

The operator of the trolley bus testified that it could be driven beyond the center of the street. It stopped within three feet of the curb to take on passengers at Douglass Street. It is thus clear that on the side of the street on which it had a legal right to operate it was as mobile laterally as any ordinary vehicle. The instruction is based upon a rule of law applicable to street railway cars which can only operate upon fixed tracks and gives a better right to the space covered by the tracks for that reason. (23 Cal. Jur. p. 866.) It can have no application to a vehicle which can be driven at any point from the curb to the middle of the street.

For the reasons given herein the judgment appealed from is reversed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition for a rehearing was denied July 9, 1942, and respondents' petition for a hearing by the Supreme Court was denied August 6, 1942.