[Crim. No. 30510.    Second Dist., Div. One.    May 31, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. ONE 1964 CHEVROLET CORVETTE CONVERTIBLE, NEW YORK LICENSE NO. 3 C 1483, SERIAL NO. 408675114966, Defendant; IRVING BUSCH, Defendant and Appellant.

Cantillon & Cantillon and James P. Cantillon for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Suzanne E. Graber, Deputy Attorney General, for Plaintiff and Respondent.

WOOD, P. J.—This is an action for the forfeiture of an automobile which allegedly was used in violation of section 11610 of the Health and Safety Code (using vehicle for unlawful transportation or possession of narcotic). Irving Busch, the registered owner of the automobile, filed an answer to the People's Notice of Seizure and Intended Forfeiture Proceedings. The verdict was in favor of the defendant. The court granted plaintiff's motion for a new trial "on the ground of insufficiency of the evidence." Defendant appeals from that order.

In lieu of a reporter's transcript there is an "Agreed Statement On Appeal."

Irving Busch was at all times mentioned in the statement the registered owner of the Corvette automobile involved herein. Prior to October 13, 1964, Irving delivered possession of the automobile to his minor son, Frederick, who thereafter possessed and used it with the consent and permission of the owner. On October 12, 1964, in the evening, while Frederick was driving the automobile in Los Angeles on Sunset Boulevard east of Bel Air, the automobile "ran out" of gasoline. Frederick asked two police officers for assistance, and the officers used their car to push the Corvette automobile to the curb near the intersection of Carolwood and Sunset Boulevards, where Frederick parked it in a red parking zone. The officers then took Frederick in their car to the "Bel Air Main Gate" so that he could telephone for assistance. Thereafter (about 10:30 p.m.), Frederick obtained a ride from the main gate to his place of employment which was "several miles east on Sunset Boulevard." While on the way to that place he passed the parked Corvette.

About 1:30 a.m., on October 13, two officers, other than

those who had assisted in parking the Corvette, saw the Corvette "illegally parked" in the red parking zone (the officers who had assisted in the parking went off duty at midnight). They (other two officers) looked into the Corvette and saw a "billy club" protruding between the bucket seats. They "did not see any registration displayed," and they noticed that New York license plates were on the Corvette. They opened the unlocked doors, searched the Corvette, and found a bag which "was clearly visible, both from within and without" the Corvette. The bag contained 15 measured "half cans" of marijuana wrapped in wax paper. In a tool kit between the seats, they found another bag containing about 20 "unused" marijuana cigarettes.

While the officers were preparing "impound forms" (about 2:15 a.m.), Frederick came to the Corvette with a can of gasoline, and told the officers that the car had run out of gasoline earlier that evening. When they showed the billy club to him and asked whether it was his, he replied in the affirmative. When they showed the marijuana to him, he denied that it was his, and he also denied that he knew it had been in the Corvette.

Thereafter, in an action entitled "People of the State of California vs. *Frederick Benton Busch LASC* #295,692, filed November 6, 1964," Frederick was charged with violating section 12020 of the Penal Code (unlawful possession of billy club), violating section 11530.5 of the Health and Safety Code (possession of marijuana for sale), and violating section 11530 of the Health and Safety Code (possession of marijuana). In a jury trial, he was found guilty of possessing marijuana, and was found not guilty of the other charges. The judgment of conviction became final before the commencement of this forfeiture proceeding.

Frederick testified in the criminal trial and in the forfeiture proceeding that "he did not have any knowledge of the presence of marijuana" in the Corvette.

A certified copy of the judgment roll in the criminal case was received in evidence, as Exhibit 3, over objection of counsel for defendant. In the closing argument, defendant's counsel argued that said judgment roll "reflected inconsistent verdicts" —that "the verdict was undeniably the result of a compromise," and that "jurors who participate in compromise verdicts in criminal cases violate their oaths in not applying the doctrine of reasonable doubt." The judge admonished

said counsel "not to proceed further with such argument" and instructed the jury to consider the judgment roll only as evidence of knowledge on the part of Frederick that narcotics were in the Corvette.

After the verdict and judgment (in the forfeiture proceeding) were entered, plaintiff made a motion for judgment notwithstanding the verdict and made a motion for a new trial. The first motion, just referred to, was denied. The motion for a new trial was granted upon the "ground of insufficiency of the evidence" for the following reasons (among others) : "f. The only real issue before the jury was whether Frederick Benton Busch had knowledge of the presence and narcotic nature of the marijuana found in the vehicle. The conviction of Frederick Benton Busch conclusively determined that issue.

"g. The Court erred in permitting defendants' counsel to argue collateral matters with reference to the jury in the criminal proceeding which the Court believes were prejudicial to the plaintiff."

On behalf of appellant it is contended that the court erred in granting the motion for a new trial. It is asserted that the judgment in the criminal proceeding (in which proceeding the entrustee [Frederick] was convicted of possessing marijuana) does not collaterally estop the registered owner (Irving) from claiming, in the forfeiture proceeding, that the automobile was not used for the unlawful possession of narcotics; and that the court ruled otherwise (i.e., ruled that the owner was so estopped) by stating, in paragraph "f" of the reasons given for granting the new trial, that the conviction of Frederick conclusively determined the issue of whether Frederick had knowledge of the presence and narcotic nature of the marijuana found in the Corvette. Appellant argues that, in view of such erroneous reason, the order granting the motion for a new trial should be reversed and the verdict should be upheld.

As above shown, the judgment roll in the criminal proceeding against Frederick was received in evidence, apparently on the issue as to whether Frederick knew of the presence of the marijuana in the Corvette. Frederick testified in the criminal trial and in the forfeiture proceeding that he did not know of the presence of the marijuana. The agreed statement recites that defendant objected to the introduction of the judgment roll in evidence in the forfeiture proceeding. (The ground

upon which the objection was made is not stated in the record.)

On appeal, defendant does not present an argument with respect to the admissibility of the judgment roll in evidence.[1] Defendant does argue, however, that the court erroneously stated in one of the reasons for granting the new trial (reason "f") that the judgment roll conclusively determined the issue of whether Frederick had knowledge of the presence of the marijuana.

In the order granting the motion for a new trial, the court stated that the motion was granted "on the ground of insufficiency of the evidence" for seven specified reasons. (Code of Civil Procedure, section 657, as amended in 1965,[2] provides that when a new trial is granted[3] the court shall specify the ground or grounds upon which the motion is granted and shall specify the reason or reasons for granting the motion upon each ground stated.)

The seven reasons specified in the order are labeled "a" through "g." Reasons "a" through "e" are in substance as follows: Frederick Busch was convicted of possessing narcotics while using the Corvette. Irving Busch, Frederick's father, is the registered owner of the Corvette. Irving, who is a resident of an eastern state, permitted Frederick to drive the Corvette to California in order that he might attend a university. Irving was served with Notice of Seizure and Intended Forfeiture Proceedings. Irving filed an answer, but he did not affirmatively plead lack of consent to the use of the Corvette, and he did not appear to testify. As above stated, reason "f" states that the only real issue before the jury was whether Frederick had knowledge of the presence and narcotic nature of the marijuana found in the vehicle, and the

[1]Under section 1300 of the new Evidence Code, evidence of a final judgment adjudging a person guilty of a crime punishable as a felony is admissible in a civil action to prove any fact essential to the judgment. Said code section follows rule 63(20) of the Uniform Rules of Evidence (see Witkin, Cal. Evidence (2d ed. 1966) § 604, p. 573). The comment on said uniform rule states: "[T]he evidence involved is peculiarly reliable. The seriousness of the charge assures that the facts will be thoroughly litigated, and the fact that the judgment must be based upon a determination that there was no reasonable doubt concerning the defendant's guilt assures that the question of guilt will be thoroughly considered." (See Witkin, *supra*, p. 574.)

[2]The order granting the new trial in the present case was made on October 10, 1965.

[3]A forfeiture proceeding under section 11610 of the Health and Safety Code is *in rem* (*People* v. *One 1948 Chevrolet Convertible Coupe*, 45 Cal.2d 613, 619 [290 P.2d 538, 55 A.L.R.2d 1272].)

conviction of Frederick (in the criminal proceeding) conclusively determined that issue. Reason "g" states that the court erred in permitting defendant's counsel to argue (in the forfeiture proceeding) collateral matters with reference to the jury in the criminal proceeding, which matters the court believes were prejudicial to the plaintiff.

It thus appears that there was evidence that the registered owner of the Corvette entrusted it to his son. The registered owner thereby "accepted the risk that it would be used contrary to law" (*People* v. *One 1948 Chevrolet Convertible Coupe,* 45 Cal.2d 613, 618 [290 P.2d 538 55 A.L.R.2d 1272]).

Since the evidence established that marijuana was found in the Corvette, the only issue which remained was whether the registered owner or the entrustee (Frederick) had knowledge of the presence of the marijuana. (See *People* v. *One 1948 Chevrolet Convertible Coupe, supra,* p. 619.) The judgment roll in the criminal proceeding against Frederick (which roll was received in evidence) was evidence to be considered in determining whether Frederick had knowledge of the presence of marijuana. It thus appears, irrespective of the question as to the accuracy of the court's statement that the judgment roll "conclusively determined" the issue as to Frederick's knowledge, that there was evidence sufficient to support a judgment contrary to the verdict. "The reviewing court cannot reverse the order granting a new trial on the grounds of insufficiency of the evidence so long as there is some substantial evidence to support a contrary judgment." (*Traub Co.* v. *Coffee Break Service, Inc.,* 210 Cal. App.2d 711, 713 [27 Cal.Rptr. 79].)

Furthermore, the court specified as a reason for granting the new trial (reason "g") that the court erred in permitting defendant's counsel to argue, in the forfeiture proceeding, "collateral matters" with reference to the jury verdict in the criminal proceeding; and that the court believed such argument was prejudicial to the plaintiff. As above shown, defendant's counsel said, in the closing argument, that the judgment roll in the criminal proceeding "reflected inconsistent verdicts"—that the "verdict was undeniably the result of a compromise," and that "jurors who participate in compromise verdicts in criminal cases violate their oaths." The court did not err in granting the motion for a new trial.

The order (granting motion for a new trial) is affirmed.

Fourt, J., and Lillie, J., concurred.

A petition for a rehearing was denied June 20, 1967, and appellant's petition for a hearing by the Supreme Court was denied July 26, 1967. Peters, J., was of the opinion that the petition should be granted.