[Civ. No. 31045. Second Dist., Div. One. Aug. 30, 1967.]

JOSEPH M. MICHELLI, Plaintiff and Respondent, v. FRANK H. KERN, Defendant and Appellant.

Grogan & Hogan and Maurice R. Hogan, Jr., for Defendant and Appellant.

Rainer & Moriarity and I. Warren Rainer for Plaintiff and Respondent.

FOURT, J.—Frank H. Kern appeals from an order granting Joseph M. Michelli a new trial in his action for personal

injuries sustained in an automobile collision. Following a jury verdict and entry of judgment in favor of Kern, the trial court granted respondent's motion for a new trial on the grounds of insufficiency of the evidence to justify the verdict and that the verdict was against the law. In so doing the court commented:

"The reasons therefor are that the evidence established that the proximate cause of the collision in this case was the conduct on the part of the defendant in suddenly moving from a parked position at the curb and running into plaintiff's automobile which was in the roadway and in plain sight of the defendant, after plaintiff had properly and legally turned to the left; that the verdict of the jury was therefore contrary to the evidence and contrary to the instructions of the court as to the law applicable to the facts and circumstances in this case.

"After having weighed the evidence and the inferences therefrom, the court comes to the decision that the jury clearly should have reached a contrary verdict."

Appellant contends the trial court abused its discretion in granting the motion for new trial and that, in fact, Michelli's contributory negligence was established as a matter of law. These contentions are without merit.

It is undisputed that Kern, driving a 1962 Buick, collided with Michelli's 1960 Ford in front of the union hall on Colorado Boulevard in Glendale on the afternoon of December 3, 1962. Michelli, acting in the course of his employment as a union representative, was escorting a new employee, Thomas Bibbs, to show him the routine of the work. He proceeded east on Colorado Boulevard under moderately heavy traffic conditions to a point where he wished to make a left turn into the alleyway on which his office was located. He waited a few minutes for westbound traffic to clear, signalling the while with both arm and light indicators, then made his turn when traffic was clear. He knew that cars used the parking strip beside west-bound traffic lanes and was accustomed to seeing the parking spaces there provided full of parked automobiles. He was, however, unprepared, as he turned across west-bound traffic lanes, for one of these cars to pull out toward him.

When Michelli was halfway across the second westbound traffic lane he heard his passenger exclaim, "Look out!" and immediately felt the impact of a collision. He saw the hood of his own car begin to bend and stepped on his brake, but he heard a motor racing and felt his car being impelled back-

wards. He then turned his motor off, put his hand out the window to wave at the other driver, Kern, and shouted to him a number of times, "Take your foot off the gas!" The other driver finally removed his foot from the gas, but shortly thereafter accelerated again, thus causing a second impact. Michelli's car was pushed backward three or four feet leaving skid marks because the brakes were engaged. Both Michelli and Bibbs testified that the Michelli car proceeded into its left-hand turn very slowly, perhaps at five miles per hour, and that the accident occurred shortly after the turn was begun, while the car was still directly in the traffic pathway. Michelli further testified that he did not see the other car before the crash and did not apply his brakes before the impact.

Appellant Kern is a male nurse who, on the day of the accident, had left Glendale Sanitarium and proceeded west on Colorado Boulevard to stop at the Thrift Shop. He parked on the north side of Colorado Boulevard about six feet from the alleyway entrance to which Michelli was seeking access when the accident occurred. When he came out of the Thrift Shop he found traffic heavy. Kern observed a long line of cars east-bound on Colorado Boulevard, next to the double line signal-ling a left turn, but assumed they were signalling to turn at the next main intersection. He made an arm and indicator signal before turning out of the parking lane, but failed to notice any specific car turning toward the alleyway ahead of him. As Kern accelerated from a parked position at the curb, the front fender and hood of the Kern car struck the right side of Michelli's automobile.

There was one witness to the accident besides Michelli's passenger—Cecil Anderson, a deputy sheriff of Los Angeles County. He was driving east-bound on Colorado Boulevard behind Michelli, saw Michelli's arm and indicator signals for a left turn, and stopped behind him until the traffic cleared. When he started to pull around Michelli's car after it entered its left turn at a slow (five to ten miles per hour) speed, he heard the roar of another car's engine and saw the Kern automobile accelerating away from the curb. His attention was then directed back to his own driving and only when he heard a crash did his attention return to Kern and Michelli; he did not see the accident occur.

Michelli suffered an injury to his back, which may or may not be attributable to the accident in view of evidence to the effect that he experienced an industrial injury to his back in 1948, the effect of which he may have retained. Whether or

not the accident proximately caused plaintiff's injury or aggravated this pre-existing arthritic condition is an issue which must be left, however, to be resolved upon the new trial since we concur with the trial court that a new trial should be granted for insufficiency of the evidence.

 All presumptions on this appeal favor the trial court's order as against the verdict. (*Yarrow* v. *State of California,* 53 Cal.2d 427 [2 Cal.Rptr. 137, 348 P.2d 687].) " 'The reviewing court cannot reverse the order granting a new trial on the grounds of insufficiency of the evidence so long as there is some substantial evidence to support a contrary judgment.' [Citation.] " (*People* v. *One 1964 Chevrolet Corvette Convertible,* 251 Cal.App.2d 424, 429 [59 Cal.Rptr. 594].) It is therefore incumbent upon appellant to show that at least one of his defenses is established as a matter of law in order to prevail herein. (*Jensen* v. *Western Pioneer Ins. Co.,* 151 Cal.App.2d 570 [312 P.2d 285].) We find from our examination of the record, instead, evidence sufficient to establish a contrary verdict.

 There can be no serious dispute with respect to the uncontradicted testimony that Michelli properly and legally turned to the left as noted by the trial court. He paused briefly with arm and indicator signals in operation before making his left turn. Only when the traffic cleared did he slowly and cautiously engage in the anticipated turn. He did not notice the Kern automobile's advance upon him prior to the impact, presumably because it was started abruptly from a distance of a very few feet away and was accelerated rapidly until it came in contact with Michelli's car. The fact that each driver testifies that neither saw the other prior to the actual impact cannot be interpreted by this court to impose contributory negligence as a matter of law upon Michelli as plaintiff and respondent herein. It is at least equally tenable, if not more clearly established, that Kern was in a better position to protect himself and avoid the accident by surveying traffic conditions more carefully before leaving his parked position. Instead he embarked abruptly into the path of traffic, and it may properly be inferred that this conduct constituted the proximate cause of the accident. The trial court committed no abuse of discretion.

The order granting respondent Michelli a new trial is affirmed.

Wood, P. J., and Lillie, J., concurred.